QUINN EMANUEL URQUHART &
SULLIVAN, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Daniel C. Posner (Bar No. 232009)
danposner@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000
Facsimile:      (213) 443-3100

Andrew Schapiro (admitted *Pro Hac Vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606-1881
Telephone:     (312) 705-7400
Facsimile:      (312) 705-7401

Renita N. Sharma (admitted *Pro Hac Vice*)
renitasharma@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, New York 10016
Telephone:     (212) 849-7000
Facsimile:      (212) 849-7100

William Pilon (Bar No. 326487)
williampilon@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

Attorneys for Defendant Perplexity AI, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| AMAZON.COM SERVICES LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> PERPLEXITY AI, INC., a Delaware corporation, <br><br> Defendant. | Case No. 3:25-cv-09514-MMC <br><br> **DEFENDANT'S MOTION TO CONTINUE HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** <br><br> Hon. Maxine M. Chesney <br> Courtroom 7 <br><br> Hearing Date: February 13, 2026 <br> Hearing Time:  9 a.m. |

Pursuant to Civil Local Rule 6-3, Defendant Perplexity AI, Inc. ("Perplexity") respectfully requests that the Court continue the hearing on Plaintiff Amazon.com Services LLC's ("Amazon") motion for a preliminary injunction from the presently scheduled date of February 13, 2026, to March 6, 2026, or the earliest date thereafter that is convenient for the Court.

**<u>BACKGROUND</u>**

Amazon filed this case on November 4, 2025, and moved the same day for a preliminary injunction, noticing a proposed hearing date of December 10, 2025.  ECF 1; ECF 4 (the "Motion").  On November 18, 2025, the Court approved the parties' stipulation providing that Perplexity's deadline to respond to the complaint shall be extended to thirty (30) days after the date of the Court's order resolving Amazon's Motion.  ECF 29; ECF 32.  The Court also set a case management conference for February 27, 2026, at 10:30 a.m., and ordered that the parties file a joint case management statement seven days before the conference.  ECF 22.

After the assignment of the case to this Court, the parties filed a stipulation requesting to continue the hearing on the Motion to December 19, 2025.  ECF 20.  The Court revised that stipulation to continue the hearing to January 9, 2026, and granted the stipulation as revised.  ECF 25.  On December 17, 2025, "[d]ue to the Court's calendar," the Court continued the hearing on the Motion to February 13, 2026.  ECF 42.  The Court also continued the case management conference to May 15, 2026, at 10:30 a.m., with the joint case management statement due May 8, 2026.  *Id.*

All three of Perplexity's co-lead counsel in this matter—John Quinn, Andrew Schapiro, and Daniel Posner—are unable to attend the hearing on the rescheduled February 13 date.  Mr. Quinn had pre-existing international travel plans for business meetings and will be out of the country on February 13.  *See* Declaration of Daniel C. Posner ("Posner Decl."), ¶ 7.  Mr. Schapiro and Mr. Posner are scheduled to begin jury selection on February 13 in a trial in this District before Judge Freeman.  *See Laatz v. Zazzle, Inc.*, No. 5:22-cv-4844-BLF (N.D. Cal.).  The trial is scheduled to last until February 27.  Posner Decl. ¶ 8.

In light of Perplexity's counsel's scheduling conflicts, on January 7, 2026, counsel for Perplexity wrote to counsel for Amazon to ask if Amazon would stipulate to move the hearing date to March 6, which is the first Friday (the day on which this Court hears civil law and motion matters)

DEFENDANT'S MOTION TO CONTINUE HEARING DATE

when Perplexity's counsel will be available after February 13, or the earliest date afterward that is convenient for the Court.  Posner Decl. ¶ 9-10.  Counsel for Perplexity also confirmed that Perplexity "would not argue that any delay occasioned by a continuance of the hearing date is a basis to deny Amazon's motion for a preliminary injunction." *Id.*

On January 8, 2026, counsel for Amazon replied that Amazon "appreciate[s] the trial conflict, but we oppose the request because we do not believe the travel conflict is good cause to move the date on our preliminary injunction hearing. *See* Standing Order for Cases Assigned to the Honorable Maxine M. Chesney, R. 7."  Posner Decl. ¶ 11.  Counsel for Amazon requested that Perplexity "indicate this as our position and the basis for it in your submission." *Id.*

## **ARGUMENT**

Under Civil Local Rule 6-3, a motion to enlarge time must: (1) set forth with particularity the reasons for the requested enlargement of time; (2) describe the efforts the party has made to obtain a stipulation to the time change; (3) identify the substantial harm or prejudice that would occur in the absence of the requested enlargement of time; (4) disclose all previous time modifications in the case; and (5) describe the effect the requested time modification would have on the schedule for the case.  Civil L.R. 6-3.  Parties seeking to continue hearings must demonstrate good cause.  *See* Standing Order for Cases Assigned to the Hon. Maxine M. Chesney R. 7.

There is good cause for Perplexity's requested continuance of the hearing on Amazon's Motion to March 6 or the earliest date thereafter that is convenient for the Court.  As stated above, all three of Perplexity's co-lead counsel in this matter have scheduling conflicts on February 13 due to international travel and a trial taking place in this District.  Posner Decl. ¶¶ 6-9.  Accordingly, denying the requested continuance would substantially prejudice Perplexity by depriving it of the opportunity to have its counsel of choice argue in opposition to Amazon's Motion—which, if granted, would have "devastating" consequences for Perplexity.  Def.'s Opp. to Amazon's Mot. for Prelim. Inj. (ECF 34-3) at 24.  Further, Perplexity sought Amazon's stipulation to the requested continuance as soon as it became clear it was necessary (in particular, after it became clear that Perplexity's counsel's trial conflict would not resolve itself), but Amazon would not agree to continue the hearing date.  Amazon did not, however, state that its counsel is not available for a

DEFENDANT'S MOTION TO CONTINUE HEARING DATE

1   hearing on March 6, or identify any prejudice it would suffer from a brief continuance. Posner Decl.

2   ¶ 11.

3         Finally, Perplexity's requested continuance will have no effect on the remaining scheduled

4   events in this case. All previous time modifications in this case have been set forth above.

5   Perplexity's deadline to answer the complaint is not until after the Court resolves the instant Motion,

6   the parties' joint case management statement is not due until May 8, and the Court has scheduled

7   the case management conference for May 15.

8   <center>**CONCLUSION**</center>

9         For the reasons above, Perplexity respectfully requests that the Court continue the hearing

10  on Amazon's Motion, currently scheduled for February 13, 2026, to March 6, 2026, or the earliest

11  date thereafter that is convenient for the Court.

12

13  DATED:  January 9, 2026            QUINN EMANUEL URQUHART &

14                                       SULLIVAN, LLP

15

16                            By   */s/ Daniel C. Posner*

17                                Daniel C. Posner
                                  Attorneys for Defendant Perplexity AI, Inc.

18

19

20

21

22

23

24

25

26

27

28