IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZON.COM SERVICES LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>PERPLEXITY AI, INC.,<br><br>  Defendant. | Case No. 25-cv-09514-MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF** |

  Before the Court is plaintiff Amazon.com Services LLC's "Motion for Preliminary Injunctive Relief" ("Motion"), filed November 4, 2025. Defendant has filed opposition, to which plaintiff has replied.

  The matter came on regularly for hearing on March 6, 2026. Moez Kaba, Hagan Scotten, Christine Woodin, Lisa Chen, and Youzhihang Deng of Hueston Hennigan LLP appeared on behalf of plaintiff. John Quinn, Daniel Posner, and Jonathan Kim of Quinn Emanuel Urquhart & Sullivan, LLP appeared on behalf of defendant.

  Having considered the parties' respective written submissions and the arguments of counsel at the hearing, the Court, for the reasons stated in detail on the record at the hearing, hereby rules as follows.[1]

//

//

//

---

[1] The reasoning set forth in summary form below is in no manner intended to replicate the entirety of the Court's factual findings and legal conclusions as explained at the hearing.

The present dispute concerns defendant Perplexity AI, Inc.'s ("Perplexity") alleged unauthorized use of its Comet web browser's agentic AI functionality to access password-protected sections of plaintiff Amazon.com Services LLC's ("Amazon") website. Amazon moves for a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure to enjoin Perplexity from "access[ing] Amazon's protected computer systems using AI agents." (See Doc. No. 4 ("Mot.") at 2:15-17.)

## I. Legal Standard

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest," Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008), or, alternatively, that there are "[1] serious questions going to the merits, and [2] a balance of hardships that tips sharply toward the plaintiff," provided there also is a "[3] likelihood of irreparable injury and [4] that the injunction is in the public interest," see Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

### A. Likelihood of Success on the Merits

In support of injunctive relief, Amazon relies, inter alia, on Perplexity's alleged violation of 18 U.S.C § 1030(a)(2) and California Penal Code § 502(c)(7).

#### 1. 18 U.S.C. § 1030(a)(2)

To establish a violation of § 1030(a)(2), Amazon must show Perplexity: "(1) intentionally accessed a computer, (2) without authorization or exceeding authorized access, and that [it] (3) thereby obtained information (4) from any protected computer (if the conduct involved an interstate or foreign communication), and that (5) there was loss to one or more persons during any one-year period aggregating at least $5,000 in value." See LVRC Holdings LLC v. Brekka, 581 F.3d 1127, 1132 (9th Cir. 2009).

In the instant case, Amazon has provided strong evidence that Perplexity, through its Comet browser, accesses with the Amazon user's permission but without authorization by Amazon, the user's password-protected account (see Doc. No. 34-5 ("Yarats Decl.") ¶ 16 (Perplexity explaining Comet "navigat[es] purposefully through [Amazon's] site"); Doc. No. 4-6 ("McLain Decl.") Ex. 7 (cease and desist letter from Amazon to Perplexity)), thereby obtaining information as to the user's private Amazon account information, and that such information is transmitted to Perplexity's servers for the purpose of conducting said user's requested tasks (see Yarats Decl. ¶ 15). Additionally, Amazon has submitted essentially undisputed evidence that it has expended significantly more than $5,000 in responding to such circumstances, including, for example, costs attributable to numerous hours spent by Amazon employees in developing tools to block Comet's access to its private customer accounts and detecting future unauthorized access by Comet. (See Doc. No. 4-3. ("Fernandes Decl.") ¶¶ 16-22.)

Given such evidence, the Court finds Amazon has shown a likelihood of success on the merits of its claim under § 1030(a)(2). See Facebook, Inc. v. Power Ventures, Inc., 844 F.3d 1058, 1068 (9th Cir. 2016) (holding defendant violated § 1030 after plaintiff issued cease and desist letter; further holding "consent that [defendant] had received from [plaintiff's] users was not sufficient to grant continuing authorization to access [plaintiff's] computers after [plaintiff's] express revocation of permission"); see also id. at 1066 (finding plaintiff suffered cognizable loss where plaintiff's "employees spent many hours, totaling more than $5,000 in costs, analyzing, investigating, and responding to [defendant's] actions").[2]

---

[2] Although the Court acknowledges a question has been raised by the United States Supreme Court's decision in Van Buren v. United States, which, in commentary constituting dicta, arguably limited the term "loss" to "technological harms—such as the

3

### 2. California Penal Code § 502(c)(7)

As noted, Amazon also relies on California Penal Code § 502(c), which prohibits, in relevant part, "[k]nowingly and without permission access[ing] or caus[ing] to be accessed any computer, computer system, or computer network," see Cal. Pen. Code § 502(c)(7), and provides a civil remedy to the owner of such computer, computer system, or network that "suffers damage or loss by reason of a violation of any of the provisions of" § 502(c)," see id. § 502(e)(1). For the reasons discussed above with respect to § 1030, the Court finds Amazon has shown a likelihood of success on the merits of its claim under § 502(c)(7).[3]

### B. Likelihood of Irreparable Harm

Next, the Court finds Amazon is likely to suffer irreparable harm in the absence of a preliminary injunction, in that Perplexity has made clear that, in the absence of the relief requested, it will continue to engage in the above-referenced challenged conduct. See Chegg, Inc. v. Doe, 2023 WL 7392290, at *8 (N.D. Cal. Nov. 7, 2023) (holding "numerous courts have found" continued unauthorized access to protected computer systems and acquisition of information therefrom, despite issuance of cease and desist letter, constitutes irreparable harm) (internal quotation and citation omitted); see also Facebook, Inc. v. Power Ventures, Inc., 252 F.Supp.3d 765, 782 (N.D. Cal. 2017), aff'd, 749 F.App'x 557 (9th Cir. 2019) (holding unauthorized access to protected computers in violation of

---

corruption of files," see Van Buren, 593 U.S. 374, 392 (2021), and the Ninth Circuit's decision in hiQ Labs, Inc. v. LinkedIn Corp., which, likewise in commentary constituting dicta, described Van Buren as "requir[ing] a showing of 'technological harms,'" see hiQ Labs, 31 F.4th 1180, 1195 n.12 (9th Cir. 2022), the Court, as discussed at considerable length at the hearing, finds the question is likely to be resolved in Amazon's favor.

[3] Further, the Court notes that, as to § 502, there is no case raising a question as to the definition of "loss."

4

§ 1030 and § 502 constitutes irreparable harm; noting computer owner's "right to control access to its own computers").

### C. Balance of Hardships

Amazon's asserted hardships encompass, inter alia, Comet's continued unauthorized access to Amazon's password-protected sites and private customer account data, whereas Perplexity asserts the proposed injunction will cause it to lose "its first-mover advantage in the AI-assisted shopping space," its "market share, reputation, users, and the ability to iterate and improve Comet," and "the entirety of its multimillion-dollar investment in developing Comet." (See Doc. No. 35 ("Opp.") at 24:4-10.) As Amazon points out, however, even if the relief Amazon requests is granted, Comet will retain its ability to access the entirety of the web other than the password-protected sections of Amazon's website, and, to the extent Perplexity may incur losses in connection with password-protected Amazon accounts, the Ninth Circuit has noted there is a "long-settled principle that harm caused by illegal conduct does not merit significant equitable protection." See Disney Enterprises, Inc. v. VidAngel, Inc., 869 F.3d 848, 867 (9th Cir. 2017).

The Court, having "identif[ied] the harms which a preliminary injunction might cause to defendant[]" and "weigh[ed] these against plaintiff's threatened injury," see Los Angeles Memorial Coliseum Commission v. National Football League, 634 F.2d 1197, 1203 (9th Cir. 1980), finds the balance of hardships tips in Amazon's favor.

### D. Public Interest

Lastly, as to whether the proposed injunction is in the public interest, Perplexity argues an injunction would be contrary to the public's interest in consumer choice and innovation. As Amazon points out, however, the public also has an interest in protecting computers from unauthorized access. See Power Ventures, 252 F.Supp.3d at 785

(holding "the public has an interest in ensuring that computers are not accessed without authorization"). The Court thus finds Amazon has made a sufficient showing to meet the fourth requisite element.

## II. Bond

Perplexity, citing Rule 65(c) of the Federal Rules of Civil Procedure, seeks, in the event the Court grants Amazon's motion, an order requiring Amazon to "post a bond of at least $ 1 billion," in light of Perplexity's market valuation as a company and its financial investments in Comet. (See Opp. at 25:14-25.)

As noted above, the requested injunctive relief does not implicate the entirety of Perplexity's investment in Comet, let alone the entire value of Perplexity as a company, and, on the record presented, the Court has insufficient information to place a dollar figure on a loss limited to Comet's access to Amazon's password-protected customer accounts.

Accordingly, Perplexity's request that the Court set a bond will be denied.

## III. Stay Pending Appeal

At the hearing, Perplexity requested the Court, in the event it issues a preliminary injunction, stay such decision pending its appeal thereof. See Fed. R. App. Pro. 8(a)(1).

In considering whether a stay pending appeal is appropriate, courts consider the following factors: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." See Nken v. Holder, 556 U.S. 418, 434 (2009) (internal quotation and citation omitted). Here, as discussed above, the Court has found Amazon, not Perplexity, is likely to succeed on the merits and that Amazon will face irreparable harm absent preliminary relief.

Accordingly, Perplexity's request for a stay pending appeal will be denied.

In the alternative, Perplexity seeks an administrative stay of seven days from the date of this order, for the purpose of allowing Perplexity to seek from the Court of Appeals a stay pending appeal. See 9th Cir. R. 27-2.

The Court having considered the matter, Perplexity's alternative request will be granted.

### IV.     Conclusion

For the reasons set forth above, Amazon's Motion for Preliminary Injunctive Relief is hereby GRANTED as follows:

1. Perplexity and its agents, employees, successors, and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Perplexity, are hereby ENJOINED until resolution of this action, or until further order of this Court, from:

    a. Accessing, attempting to access, or assisting, instructing, or providing a means for others to access or attempt to access Amazon's protected computer systems using AI agents;[4]

    b. Using any accounts, creating any new accounts, or taking over any existing accounts on Amazon's websites for the purpose of allowing Perplexity's AI agents to access Amazon's protected computer systems.

2. Perplexity is hereby DIRECTED TO:

    a. Destroy or cause to be destroyed all copies of Amazon's data, including

---

[4] As used herein, "AI agents" means any software or computer program deployed through Perplexity's Comet web browser that can autonomously or semi-autonomously perform actions and interact with third-party websites on behalf of, or at the instruction of, any user.

7

   customer data, obtained by Perplexity by accessing Amazon's protected computer systems using AI agents, whether in the custody or control of Perplexity or its employees, agents, assigns, or the third-party service providers (including, without limitation, web hosts, proxy servers, privacy services, and domain registrars);

   b. Provide notice of this ORDER to its officers, agents, servants, and employees, and to all persons in active concert or participation with them;

   c. Certify by declaration, within thirty (30) days of the Ninth Circuit's ruling on the below-referenced administrative stay, that Perplexity has complied fully and completely with all requirements of this order.

3. No bond is required.

4. The request for a stay pending appeal is hereby DENIED.

5. The request for an administrative stay is hereby GRANTED, and the above ORDER is hereby STAYED for seven (7) days from today's date.

**IT IS SO ORDERED.**

Dated: March 9, 2026

MAXINE M. CHESNEY
United States District Judge