QUINN EMANUEL URQUHART &
SULLIVAN, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Daniel C. Posner (Bar No. 232009)
danposner@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

Andrew Schapiro (admitted *Pro Hac Vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606-1881
Telephone:     (312) 705-7400
Facsimile:     (312) 705-7401

Renita N. Sharma (admitted *Pro Hac Vice*)
renitasharma@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, New York 10016
Telephone:     (212) 849-7000
Facsimile:     (212) 849-7100

William Pilon (Bar No. 326487)
williampilon@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Attorneys for Defendant Perplexity AI, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMAZON.COM SERVICES LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>PERPLEXITY AI, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:25-cv-09514-MMC<br><br>**DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF NINTH CIRCUIT APPEAL**<br><br>Hon. Maxine M. Chesney<br>Courtroom 7 |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, on May 15, 2026,[1] or as soon thereafter as the matter may be heard, Defendant Perplexity AI, Inc. ("Perplexity") will move this Court for an order staying all proceedings in this action pending the Ninth Circuit's resolution of Perplexity's appeal from this Court's March 9, 2026 Preliminary Injunction Order (Dkt. 81).  This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and the entire records of this action and Perplexity's Ninth Circuit appeal, Case No. 26-1444.

DATED:  April 7, 2026                QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP


                                     By ____/s/ Daniel C. Posner____
                                            Daniel C. Posner
                                     *Attorneys for Defendant Perplexity AI, Inc.*

---

[1]    Concurrently with the filing of this Motion, Defendant has filed an Administrative Motion to Shorten Time for Hearing and Briefing Schedule pursuant to Local Rules 6-3 and 7-11.  Perplexity respectfully requests that the Court hear this Motion on an expedited basis for the reasons set forth in that motion.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

In the interests of judicial efficiency, Perplexity respectfully moves to stay proceedings in this Court during the pendency of Perplexity's expedited appeal to the Ninth Circuit from this Court's Preliminary Injunction Order (Dkt. 81 (the "Order")).

The Ninth Circuit has stayed this Court's preliminary injunction pending appeal, expedited the appeal, and set oral argument for June 11, 2026. The appeal puts squarely at issue the parties' respective positions on the merits of plaintiff Amazon's claims under the Computer Fraud and Abuse Act ("CFAA") and its California analog, the Comprehensive Computer Data Access and Fraud Act ("CDAFA"). There can be no question that the Ninth Circuit's decision on the appeal will have a significant, if not effectively dispositive, impact on the course and outcome of this case. Indeed, this Court has already recognized that guidance from the Ninth Circuit would be instructive, stating that "if [the Ninth Circuit] really think[s] there's a significant question here, maybe they should look at it," and granting a seven-day administrative stay of the Order specifically so Perplexity could seek appellate review. Dkt. 85 at 137:12-16.[2]

Under the current case schedule, the parties will soon have to begin costly work relating to Perplexity's response to Amazon's Complaint, which is presently due by April 22. Discovery may also commence in the coming weeks, as the deadline for the parties to participate in the Rule 26(f) conference of counsel is April 24. The Ninth Circuit's ruling on Perplexity's appeal is likely to impact those proceedings in material ways, especially with respect to any motion to dismiss Perplexity may bring. To avoid the potentially needless expenditure of substantial time and judicial resources in this Court on claims the Ninth Circuit will soon address, this Court should exercise its broad discretion to stay this action for the brief period until the Ninth Circuit resolves Perplexity's expedited appeal.

In the alternative to a temporary stay of the case pending the Ninth Circuit's ruling, Perplexity requests that the Court enter an order: (1) extending Perplexity's deadline to respond to

---

[2]  "Dkt." citations refer to this Court's docket, No. 3:25-cv-09514-MMC. "CA9 Dkt." citations refer to the Ninth Circuit docket, *Amazon.com Services LLC v. Perplexity AI, Inc.*, No. 26-1444 (9th Cir. 2026).

the Complaint until 30 days after the Court rules on this motion; and (2) vacating the Case Management Conference and the deadline for the Joint Case Management Statement, and deferring the Rule 26(f) conference until a date to be set by the Court after it rules on this motion.

## BACKGROUND

Amazon filed this action on November 4, 2025, asserting claims under the CFAA (18 U.S.C. § 1030(a)(2) and (a)(4)) and CDAFA (Cal. Penal Code § 502), and simultaneously moved for a preliminary injunction. Dkts. 1, 4. The parties stipulated to extend Perplexity's deadline to respond to the Complaint to 30 days after the Court's ruling on the preliminary injunction motion. Dkt. 32.

After a hearing on March 6, 2026, the Court issued the Order on March 9. Dkt. 81. Perplexity filed its Notice of Appeal the next day. Dkt. 82. Perplexity moved the Ninth Circuit for an emergency "administrative" stay on March 12. CA9 Dkts. 13, 14. Amazon filed its opposition on March 16. CA9 Dkt. 16. Six hours later, the Ninth Circuit granted an administrative stay of the Order pending resolution of Perplexity's motion for a stay pending appeal. CA9 Dkt. 18. Two days later, and before briefing was complete on Perplexity's motion for a stay, the Ninth Circuit granted a stay of the Order pending appeal, citing *Nken v. Holder*, 556 U.S. 418, 434 (2009), and expedited the appeal. CA9 Dkt. 19. The parties are scheduled to complete their briefing on the appeal by May 6, 2026, CA9 Dkt. 19, and oral argument is scheduled for June 11, 2026, CA9 Dkt. 21.

In this Court, Perplexity's response to the Complaint is due by April 22. Dkt. 93. The Rule 26(f) conference must occur by April 24. Fed. R. Civ. P. 26(f)(1). The Joint Case Management Statement is due May 8, and the Case Management Conference is scheduled for May 15. Dkt. 42.

Before filing this motion, Perplexity proposed to Amazon that the parties agree to stay proceedings in this Court pending resolution of Perplexity's appeal, but Amazon did not agree. *See* Posner Decl. ¶ 3.

## ARGUMENT

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When deciding whether to grant a *Landis* stay, courts must weigh competing interests, including "the possible damage which may result from the granting of a stay, the hardship or

inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  All three factors favor a stay.

### A.    A Stay Will Not Damage Amazon

A brief stay of district court proceedings will not harm Amazon.  The Ninth Circuit has already weighed the equities in this case and determined that a stay of the injunction lasting the duration of the appeal is justified.  The appeal is proceeding on an expedited basis, and Amazon's remaining claims sound in monetary damages that cannot justify denying a stay.

The Ninth Circuit's grant of a stay of the Order is the strongest evidence on this point.  In issuing that stay, a panel of the Ninth Circuit necessarily found that Perplexity satisfied the four-factor *Nken* test: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken, 556 U.S. at 434*.  The panel weighed those factors, including any harm to Amazon, and granted the stay. CA9 Dkt. 19.  Courts have regularly stayed district court proceedings pending appeal of a preliminary injunction, and the case for doing so is even stronger here, where the Ninth Circuit has already stayed the injunction itself.  *See, e.g.*, *Kuang v. U.S. Dep't of Def.*, No. 18-cv-03698, 2019 WL 1597495, at *1, *4-7 (N.D. Cal. Apr. 15, 2019) (granting stay of proceedings pending appeal of preliminary injunction even though Ninth Circuit had *denied* stay of injunction); *Santa Rosa Mem'l Hosp. v. Maxwell-Jolly*, No. 08-cv-05173-SC, Dkt. 71 (N.D. Cal. Nov. 19, 2009) (staying preliminary injunction and all proceedings pending Ninth Circuit appeal).

To the extent Amazon opposes this motion by rehashing the arguments about "harm" it will suffer absent an injunction, those arguments are a red herring.  The Ninth Circuit has stayed the injunction pending appeal, so this Court's decision to stay further district court proceedings will have no effect on Amazon's purported harm.  In any case, the Ninth Circuit's motions panel already necessarily assessed and rejected those arguments in granting the stay. *See* CA9 Dkt. 19; *Nken*, 556 U.S. at 426.  Any other harms Amazon may claim it would suffer from a stay in this Court are

quantifiable monetary costs at best, and thus not a sufficient basis to deny a stay. *See, e.g.*, *Lockyer*, 398 F.3d at 1110-12 (finding stay appropriate where harm amounted to "at worst . . . a delay in its monetary recovery"); *Noble v. JP Morgan Chase Bank, N.A.*, No. 22-cv-2879, 2022 WL 4229311, at *8 (N.D. Cal. Sept. 13, 2022) ("[M]ere delay in monetary recovery is an insufficient basis to deny a stay." (citation omitted)).

Nor is there any risk that a stay will drag on indefinitely. The Ninth Circuit granted an administrative stay within six hours of receiving Amazon's opposition to Perplexity's motion for a stay, granted a stay for the full duration of the appeal just two days later, expedited briefing, and set oral argument for nine weeks from today. CA9 Dkts. 18, 19, 21; *see STM Inv. S.a.r.l. v. 3P Equity Partners, LLC*, No. 2:19-cv-1764, 2019 WL 9518077, at *2-3 (C.D. Cal. June 24, 2019) (granting stay during expedited appeal as it "would not result in an undue delay"). The highly expedited nature of the appeal further supports a stay in this Court and mitigates, if not outright prevents, any conceivable harm Amazon would suffer from a stay of these proceedings.

**B.     Perplexity Will Suffer Prejudice Absent A Stay**

In contrast, Perplexity would be prejudiced without a stay in this Court. Perplexity's response to the Complaint is due April 22, just over two weeks from now. Dkt. 93. Requiring Perplexity to respond while the Ninth Circuit is resolving threshold, dispositive legal questions in this case would force Perplexity into a choice between two litigation paths—answering the Complaint or moving to dismiss it—either of which may prove wasteful within weeks. The Ninth Circuit ruling will bear directly on that choice, as its ruling and analysis on Amazon's CFAA and CDAFA claims will, at a minimum, shed light on the nature and sufficiency of the defenses Perplexity may raise in a motion to dismiss or as affirmative defenses. Requiring the parties to preemptively brief, and this Court potentially to rule on, arguments that the Ninth Circuit will address in a matter of weeks is the epitome of inefficiency, and also potentially risks inconsistent results and resulting proceedings to harmonize any actions this Court takes with the Ninth Circuit's ruling on the appeal. On the other hand, allowing Perplexity to respond to the Complaint after the Ninth Circuit rules will allow it to make a fully informed decision about whether to move to dismiss

the Complaint, and on what grounds, and would allow the Court to decide that motion, all with the benefit of the Ninth Circuit's analysis.

Perplexity would also be prejudiced by having to participate in case management proceedings and commence discovery while the Ninth Circuit is resolving questions that will define the scope of litigation (and potentially dispose of it entirely). The Rule 26(f) joint report is due May 8, and the Case Management Conference is scheduled for May 15; both will require the parties to take positions on issues the Ninth Circuit's ruling will directly impact. Amazon's claims turn on, among other issues, whether Perplexity "accessed" an Amazon computer, whether that access was "without authorization," and whether Amazon suffered cognizable "loss." If the Ninth Circuit narrows or rejects any of Amazon's theories for satisfying those requirements, entire categories of discovery may become irrelevant. For example, if the Ninth Circuit narrows Amazon's theory of "loss" such that only technological harms suffice, discovery into Amazon's alleged investigative harms may not be needed. *See Van Buren v. United States*, 593 U.S. 374, 391-92 (2021); *cf. Moxie Pest Control (Utah), LLC v. Nielsen*, 164 F.4th 1195, 1200-02 (10th Cir. 2026). Requiring the parties to negotiate discovery parameters, exchange initial disclosures, and begin document production before the Ninth Circuit rules would impose significant costs that may prove entirely unnecessary.

### C.    A Stay Promotes Judicial Economy

The Ninth Circuit's forthcoming decision will likely resolve, and at least provide guidance on, legal questions on which every claim in this case depends. Proceeding in this Court in parallel wastes the resources of the parties and this Court.

The questions on appeal, including the meaning of "access" and "authorization" under the CFAA and CDAFA, and the sufficiency of Amazon's claimed "loss" under the CFAA, are largely legal questions that turn on the meaning of statutory terms. Whatever the Ninth Circuit decides will, at a minimum, define the legal framework for the claims and defenses the parties pursue and the scope of discovery. And the Ninth Circuit may well conclude that Amazon's claims are defective as a matter of law for any number of reasons, including that Perplexity has not "accessed" Amazon's computers, or that Amazon has not suffered the requisite cognizable "loss." Such a decision would

render the Complaint a dead letter—and would make any substantial interim expenditure of judicial time or resources a wasted effort.  Courts routinely stay district court proceedings rather than press forward on issues an appellate court is simultaneously deciding.  *See Kuang*, 2019 WL 1597495, at *6 (staying proceedings where the Ninth Circuit's disposition would "have significant, if not dispositive, impact on the resolution of this case"); *Hawai'i v. Trump*, 233 F. Supp. 3d 850, 855 (D. Haw. 2017) ("Because many of the . . . legal arguments . . . are presently before the Ninth Circuit, it makes little sense to expend the resources necessary for a full presentation of those same issues in this forum while awaiting guidance from the appellate court.").  A stay through resolution of the appeal would avoid duplicative briefing, interim rulings that may require modification, and the expenditure of judicial resources on issues the Ninth Circuit is about to resolve.[3]

**D.    In The Alternative, The Court Should Extend Deadlines Pending The Court's Resolution Of This Motion**

If the Court declines to stay the case, it should at a minimum enter an order: (1) extending Perplexity's deadline to respond to the Complaint until 30 days after the Court rules on this motion; and (2) vacating the May 15 Case Management Conference and the May 8 deadline for the Joint Case Management Statement and deferring these events and the parties' Rule 26(f) conference until dates to be set by the Court after it rules on this motion.  Good cause exists for such relief:  The parties are currently briefing the expedited appeal, and temporarily postponing activity in this Court pending the Court's resolution of this motion will allow the parties time to focus their efforts on their appellate briefing until it is complete, and also provide the parties more certainty regarding immediate next steps.

---

[3]   This is not a case where a stay would merely "delay trial preparation to await an interim ruling on a preliminary injunction." *California v. Azar*, 911 F.3d 558, 583-84 (9th Cir. 2018).  The concern in *Azar* was that an appellate ruling on a preliminary injunction "may provide little guidance as to the appropriate disposition on the merits" because it rests on a preliminary factual record and "the fully developed factual record may be materially different." *Id.* at 584.  That concern "carr[ies] less force" where, as here, the critical issues are purely legal, and the Ninth Circuit's resolution will provide direct, meaningful guidance to this Court and the parties. *Kuang*, 2019 WL 1597495, at *7.

## **CONCLUSION**

Perplexity respectfully requests that the Court grant this motion and stay this case until after the Ninth Circuit issues its decision finally resolving Perplexity's appeal of this Court's Order.


DATED:  April 7, 2026                        QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP


                                     By  ___/s/ Daniel C. Posner_____
                                                Daniel C. Posner
                                             *Attorneys for Defendant Perplexity AI, Inc.*