Case 3:25-cv-09514-MMC    Document 104    Filed 05/06/26    Page 1 of 19

**HUESTON HENNIGAN LLP**
Moez M. Kaba, Esq. (SBN 257456)
mkaba@hueston.com
Christine Woodin, Esq. (SBN 295023)
cwoodin@hueston.com
Billy Joe McLain, Esq. (SBN 290682)
bmclain@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 866-4825

Hagan Scotten, Esq. (admitted *Pro Hac Vice*)
hscotten@hueston.com
Lisa Chen, Esq. (SBN 339966)
lchen@hueston.com
1 Little W 12th Street
New York, NY 10014
Telephone: (212) 268-8150
Facsimile: (888) 866-4825

Attorneys for Plaintiff
AMAZON.COM SERVICES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZON.COM SERVICES LLC, a Delaware limited liability company,<br><br>            Plaintiff,<br><br>    v.<br><br>PERPLEXITY AI, INC., a Delaware corporation,<br><br>            Defendant. | Case No.: 3:25-cv-09514-MMC<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF NINTH CIRCUIT APPEAL**<br><br>**Date**: May 15, 2026<br>**Hearing Time**: 10:30 AM<br>**Courtroom:** 7<br>**Judge:** Hon. Maxine M. Chesney |

-i-

OPPOSITION TO MOTION TO STAY PROCEEDINGS - Case No. 3:25-cv-09514-MMC

# TABLE OF CONTENTS

Page

I.    INTRODUCTION .................................................................................................... 1

II.   BACKGROUND ..................................................................................................... 3

III.  LEGAL STANDARD............................................................................................. 3

IV.  ARGUMENT .......................................................................................................... 4

     A.   The Ninth Circuit Has Rejected Perplexity's Primary Argument for a Stay. ................... 4

     B.   The *Landis* Factors Weigh Against a Stay. .................................................................. 7

         1.   Amazon Will be Damaged by a Stay. ...................................................................... 7

         2.   Perplexity Will Not Suffer Hardship or Inequity if this Case Moves Forward. ......... 9

         3.   Perplexity Cannot Show that the Orderly Course of Justice is Served by a Stay. ..... 12

     C.   Perplexity's "Alternative" Relief Is Simply a Stay by Another Name. .......................... 13

V.   CONCLUSION ..................................................................................................... 14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ACA Connects v. Bonta,*
  24 F.4th 1233 (9th Cir. 2022)........................................................................... 5, 10, 12

*Aliphcom v. Fitbit, Inc.,*
  154 F. Supp. 3d 933 (N.D. Cal. 2015) ......................................................................... 9

*Ambrosio v. Cogent Commc'ns, Inc.,*
  2016 WL 7888024 (N.D. Cal. Sept. 21, 2016) .......................................................... 12

*C.B. v. Sonora Sch. Dist.,*
  2011 WL 4590775 (E.D. Cal. Sept. 30, 2011) ........................................................... 11

*California v. Azar,*
  911 F.3d 558 (9th Cir. 2018)....................................................................................*passim*

*Calvillo Manriquez v. DeVos,*
  2018 WL 5316174 (N.D. Cal. Aug. 30, 2018)............................................................ 12

*Culbertson v. Oakridge Sch. Dist. No. 76,*
  1997 WL 408194 (9th Cir. 1997)................................................................................... 1

*Dependable Highway Express, Inc. v. Navigators Ins. Co.,*
  498 F.3d 1059 (9th Cir. 2007)................................................................................... 1, 10

*Duncan v. Bonta,*
  83 F.4th 803 (9th Cir. 2023) (en banc)........................................................................... 7

*Edwards v. Oportun, Inc.,*
  193 F. Supp. 3d 1096 (N.D. Cal. 2016) .................................................................. 10, 11

*Ernest Bock, LLC v. Steelman,*
  76 F.4th 827 (9th Cir. 2023).......................................................................................... 1

*Expensify, Inc. v. Swappoint AG,*
  2023 WL 8007983 (N.D. Cal. Nov. 18, 2023)............................................................ 11

*Glob. Horizons, Inc. v. U.S. Dep't of Lab.,*
  510 F.3d 1054 (9th Cir. 2007)............................................................................... 4, 6, 12

*Hawai'i v. Trump,*
  233 F. Supp. 3d 850 (D. Haw. 2017) .......................................................................... 13

*Kuang v. U.S. Dep't of Def.,*
  2019 WL 1597495 (N.D. Cal. Apr. 15, 2019) ................................................... 5, 6, 9, 13

OPPOSITION TO MOTION TO STAY PROCEEDINGS - Case No. 3:25-cv-09514-MMC

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ................................................................................................ *passim*

*Leiva-Perez v. Holder*,
  640 F.3d 962 (9th Cir. 2011) ............................................................................... 7, 8

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) ................................................................... 1, 4, 8, 10

*Melendres v. Arpaio*,
  695 F.3d 990 (9th Cir. 2012) ....................................................................... 1, 2, 4, 5

*Nat'l TPS All. v. Noem*,
  2025 WL 1276229 (N.D. Cal. May 2, 2025) ............................................................ 5

*Nat'l Urb. League v. Ross*,
  508 F. Supp. 3d 663 (N.D. Cal. 2020) ....................................................... 5, 7, 9, 13

*Ohio Sec. Ins. Co. v. G & G Risk Mgmt. Consultants, Inc.*,
  2021 WL 1253796 (N.D. Cal. Apr. 5, 2021) (Chesney, J.) ................................. 1, 10

*Pacito v. Trump*,
  2025 WL 3526074 (W.D. Wash. Dec. 9, 2025) ........................................................ 5

*In re PG&E Corp. Sec. Litig.*,
  100 F.4th 1076 (9th Cir. 2024) ............................................................................... 10

*Santa Rosa Mem'l Hosp. v. Maxwell-Jolly*,
  No. 08-cv-5173-SC, Dkt. 71 (N.D. Cal. Nov. 19, 2009) .......................................... 9

*Sarieddine v. Connected Int'l Inc.*,
  2025 WL 958204 (E.D. Cal. Mar. 31, 2025) ............................................................ 5

*Sierra On-Line, Inc. v. Phoenix Software, Inc.*,
  739 F.2d 1415 (9th Cir. 1984) ................................................................................ 12

*Stiner v. Brookdale Senior Living, Inc.*,
  383 F. Supp. 3d 949 (N.D. Cal. 2019) .................................................................... 11

*Torliatt v. Ocwen Loan Servicing, LLC*,
  2021 WL 2948868 (N.D. Cal. Jul. 14, 2021) ........................................................ 1, 7

*Vicious Brands, Inc. v. Face Co.*,
  2025 WL 754068 (N.D. Cal. Mar. 10, 2025) ............................................................ 7

*Williams v. Alameda County*,
  2023 WL 2837675 (N.D. Cal. Apr. 7, 2023) ......................................................... 2, 6

*Yong v. I.N.S.*,
  208 F.3d 1116 (9th Cir. 2000) .................................................................................. 8

**Statutes**

18 U.S.C. § 1030(a)(2) ........................................................................................................... 3

Cal. Penal Code § 502(c)(7) ................................................................................................... 3

OPPOSITION TO MOTION TO STAY PROCEEDINGS - Case No. 3:25-cv-09514-MMC

## I.    INTRODUCTION

Perplexity asks this Court to do precisely what the Ninth Circuit has "repeatedly admonished" district courts not to do: "delay trial preparation to await an interim ruling on a preliminary injunction." *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018).  The motion should be denied.

The Ninth Circuit's well-settled rule is for district courts "to proceed to trial and otherwise move towards a final judgment . . . without waiting for our interlocutory review" of a preliminary injunction.  *Melendres v. Arpaio*, 695 F.3d 990, 1003 (9th Cir. 2012); *see also Culbertson v. Oakridge Sch. Dist. No. 76*, 1997 WL 408194, at *1 (9th Cir. 1997) ("[C]ases are to proceed in the regular course while appeals from preliminary injunctions are pending in this court.").  Perplexity's motion largely ignores this precedent and offers no compelling reason why this case warrants a departure from it.

Even putting the Ninth Circuit's instruction aside—as Perplexity does—Perplexity cannot satisfy the demanding *Landis* standard that governs its stay request.  *See Landis v. N. Am. Co.*, 299 U.S. 248 (1936).  None of the three *Landis* factors that the district court must consider weighs in favor of a stay.  *See Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023).

*First*, it is Amazon, and not Perplexity, that will suffer from a stay.  Perplexity is actively trespassing on Amazon's computer systems and Amazon is entitled to move forward and stop that ongoing trespass.  A stay will unfairly delay Amazon from doing so.  *Torliatt v. Ocwen Loan Servicing, LLC*, 2021 WL 2948868, at *5 (N.D. Cal. Jul. 14, 2021) ("A delay in the grant of injunctive relief weighs against a stay where a plaintiff alleges ongoing and future harm.").  Perplexity, by contrast, faces no cognizable hardship from responding to the Complaint and beginning discovery—the normal steps that every party takes at the beginning of every lawsuit.  *See, e.g.*, *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("[B]eing required to defend a suit . . . does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*."); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (same); *Ohio Sec. Ins. Co. v. G & G Risk Mgmt. Consultants, Inc.*, 2021 WL 1253796, at *5

(N.D. Cal. Apr. 5, 2021) (Chesney, J.) ("[H]owever, being required to defend a suit does not, alone, suffice as a basis to grant a stay under *Landis*.").

*Second*, Perplexity cannot show that a stay would simplify this case. As the Ninth Circuit has clearly said, its "disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits." *Melendres*, 695 F.3d at 1002–03. Thus, the orderly course of justice favors proceeding, not waiting. Perplexity's own appellate brief confirms this. For example, Perplexity devotes substantial briefing to arguments unrelated to the merits, including that this Court "improperly collapsed" the *Winter* factors, erred in failing to require a bond, and that Amazon's "unclean hands" independently preclude equitable relief. CA9 Dkt. 26.1 at 3–4, 42–44, 52–57. None of these (erroneous) challenges to this Court's preliminary injunction order is dispositive of the merits of Amazon's CFAA and CDAFA claims. And Perplexity's merits arguments are fact-intensive and require a fully developed record. Perplexity's "access" argument includes its contention that the Comet browser runs locally on users' devices and that "no Perplexity computer ever has direct access to an Amazon computer." *Id.* at 9, 23–27. But Amazon's expert found that the Comet AI agent "is fully dependent on Perplexity's servers to operate" and "is unable to perform any actions" when its connection to Perplexity's servers is blocked. Dkt. 40-1 ¶ 13. Discovery into the technical design and operation of the Comet Assistant will more clearly define the parties' positions on this issue and support proceeding, not staying, discovery. In fact, Perplexity itself argued on appeal that even preliminary relief should not be granted "before development of a more fulsome record." CA9 Dkt. 26.1 at 52. Thus, there is no question that a stay will only "create inefficiency by delaying discovery that is inevitable." *Williams v. Alameda County*, 2023 WL 2837675, at *3 (N.D. Cal. Apr. 7, 2023) (denying stay).

Amazon is confident the Ninth Circuit will affirm this Court's reasoned and well-supported preliminary injunction. And Perplexity's hope that the Ninth Circuit will rule that the CFAA and CDAFA do not apply to its conduct as a matter of law is the sort of speculation that does not and cannot satisfy *Landis*. *See Melendres*, 695 F.3d at 1002–03 (cautioning that "the fully developed factual record may be materially different from that initially before the district court").

## II.   BACKGROUND

Amazon filed this action against Perplexity on November 4, 2025, and simultaneously moved for a preliminary injunction. Dkts. 1, 4. On March 6, 2026, the Court held a hearing regarding Amazon's Motion for a Preliminary Injunction, where Perplexity made an oral motion to stay the Court's preliminary injunction. Dkt. 97 at 3. On March 9, the Court ordered a preliminary injunction enjoining Perplexity's violations of the CFAA (18 U.S.C. § 1030(a)(2)) and CDAFA (Cal. Penal Code § 502(c)(7)). Dkt. 81. The Court denied Perplexity's request for a stay pending appeal but allowed a seven-day administrative stay of the preliminary injunction so that Perplexity could seek a stay from the Ninth Circuit. *Id.* at 6–7.

On March 12, Perplexity appealed and moved the Ninth Circuit for a stay of the injunction pending appeal. CA9 Dkts. 13, 14. On March 18, the Ninth Circuit granted Perplexity's motion in a summary order. CA9 Dkt. 19.

On April 1, Perplexity filed its opening appellate brief in the Ninth Circuit. CA9 Dkt. 26.1. In addition to making some fact-specific merits arguments, on appeal Perplexity advances several arguments that have no connection to the merits of the CFAA and CDAFA claims here. For example, Perplexity argues the preliminary injunction should be reversed because Amazon did not post a bond, *id.* at 55–56, or because there is no irreparable harm, *id.* at 45–48, or because the injunction was not in the public interest, *id.* at 50–52, or because Amazon somehow has "unclean hands," *id.* at 52–55. After its own appellate brief was finished, on April 7, Perplexity filed its motion to stay all district court proceedings, Dkt. 95, and a companion motion to shorten Amazon's time to respond, Dkt. 96. This Court denied the latter, extending Amazon's time to file the instant opposition to May 6, 2026. Dkt. 98. The Court also temporarily stayed Perplexity's deadline to respond to Amazon's Complaint to a date to be set at the May 15 Case Management Conference. *Id.*

## III.   LEGAL STANDARD

A motion to stay district court proceedings pending an interlocutory appeal is governed by *Landis*. 299 U.S. 248. Under *Landis*, the Court must weigh three competing interests: "[(1)] the possible damage which may result from the granting of a stay, [(2)] the hardship or inequity which

-3-

a party may suffer in being required to go forward, and [(3)] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The party seeking the stay bears the burden of proof. *Id.* at 1109. "[I]f there is even a fair possibility that the stay . . . will work damage to some one else," the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Id.* at 1112 (holding "[t]here is more than just a 'fair possibility' of harm to the [plaintiff]" where "[plaintiff] seeks injunctive relief against ongoing and future harm" (quoting *Landis*, 299 U.S. at 255)).

## IV.    ARGUMENT

The Ninth Circuit has squarely rejected the fundamental premise of Perplexity's argument that a district court should pause proceedings to await an appellate court's review of a preliminary injunction order. Moreover, the *Landis* factors counsel against a stay because it would halt Amazon's progress toward permanently enjoining the irreparable harm Perplexity is currently causing to Amazon; Perplexity will suffer no cognizable hardship from beginning the discovery process or answering Amazon's Complaint; and the orderly course of justice requires moving forward because the Ninth Circuit's "disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits." *Melendres*, 695 F.3d at 1002–03.

### A.    The Ninth Circuit Has Rejected Perplexity's Primary Argument for a Stay.

The Ninth Circuit has consistently and "repeatedly admonished district courts not to delay [proceedings] to await an interim ruling on a preliminary injunction." *Azar*, 911 F.3d at 583 (citing *Melendres*, 695 F.3d at 1002–03); *see also, e.g.*, *Telegram Messenger, Inc. v. Lantah, LLC*, 782 F. App'x 528, 531 (9th Cir. July 17, 2019) (urging district court "promptly to lift the stay" it had entered pending appeal of preliminary injunction); *Glob. Horizons, Inc. v. U.S. Dep't of Lab.*, 510 F.3d 1054, 1058 (9th Cir. 2007) ("Twenty-five years ago . . . we admonished parties for appealing a preliminary injunction . . . to ascertain the views of the appellate court on the merits of the litigation. We repeat our concern."). The reason for this rule is straightforward: "Given the

-4-

limitations of reviewing an order granting or denying a preliminary injunction, we have repeatedly cautioned parties that a disposition of a preliminary injunction appeal is not an adjudication on the merits and that the parties should not 'read too much into' such holdings." *ACA Connects v. Bonta*, 24 F.4th 1233, 1249 (9th Cir. 2022) (Wallace, J., concurring) (quoting *Gregorio T. By & Through Jose T. v. Wilson*, 59 F.3d 1002, 1005 (9th Cir. 1995)).  Thus, because the Circuit's "disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits," delaying this case to await the Ninth Circuit's decision on the preliminary injunction would create the very inefficiency the Ninth Circuit has repeatedly warned against. *Melendres*, 695 F.3d at 1002–03; *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) ("Furthermore, in many cases, appeal of district courts' preliminary injunctions will result in unnecessary delay to the parties and inefficient use of judicial resources.").

Perplexity's motion skirts past this rule, partially mentioning it in a footnote where it attempts to distinguish *Azar*'s admonition against staying cases while a preliminary injunction is pending on appeal by arguing that this rule "carr[ies] less force" where the critical issues are "purely legal." Mot. at 7 n.3 (citing *Kuang v. U.S. Dep't of Def.*, 2019 WL 1597495, at *7 (N.D. Cal. Apr. 15, 2019)).  However, *Azar* is not an outlier case; it represents a line of authority across this Circuit that stands against Perplexity's motion. *See Telegram Messenger,* 782 F. App'x at 530–31 ("We have repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction. . . .  Accordingly, we urge the district court promptly to lift the stay."); *Nat'l Urb. League v. Ross*, 508 F. Supp. 3d 663, 706–07 (N.D. Cal. 2020) (denying stay pending interlocutory appeal of preliminary injunction); *Pacito v. Trump*, 2025 WL 3526074, at *2–3 (W.D. Wash. Dec. 9, 2025) (same); *Sarieddine v. Connected Int'l Inc.*, 2025 WL 958204, at *3–4 (E.D. Cal. Mar. 31, 2025) (same); *see also Nat'l TPS All. v. Noem*, 2025 WL 1276229, at *1–2 (N.D. Cal. May 2, 2025) (denying discovery stay pending interlocutory appeal).

Rather than grapple with this dispositive authority, Perplexity repeats its incorrect assumption that "purely legal" issues are at stake in this case about which the Ninth Circuit will provide "direct, meaningful guidance." Mot. at 7 n.3.  That assertion is belied by Perplexity's arguments on appeal.  Before the Ninth Circuit, Perplexity argued that this case requires

-5-

"development of a more fulsome record," CA9 Dkt. 26.1 at 52, including specifically that there was "no finding regarding the nature of the information at issue here," *id.* at 33, that Perplexity was found to have intentionally evaded technical barriers "before even getting the chance to engage in [] full discovery," *id.*, and that Amazon failed to provide sufficient evidence of cognizable "loss" under the CFAA, *id.* at 35–38. Perplexity's own demand for a fuller record defeats its request for a stay. *See Williams,* 2023 WL 2837675, at *3. That the Ninth Circuit *could possibly* provide some guidance on the law as it applies to these factual matters does not undermine *Azar* or the legion of case law that follows it. *See Glob. Horizons,* 510 F.3d at 1058–59 ("Because of . . . the paucity of the factual record on a preliminary injunction application, our disposition may provide little guidance as to the appropriate disposition on the merits." (quotation marks omitted)).[1]

Furthermore, *Kuang*, 2019 WL 1597495, at *7, the sole case Perplexity relies on to distinguish *Azar*, is inapposite. There, the district court considered a claim under the Administrative Procedure Act where the "full administrative record" was already complete. 2019 WL 1597495, at *1, *6. Here, the factual record is far from complete. Additionally, the district court in *Kuang* granted a stay of trial court proceedings because the Ninth Circuit *denied* a stay of the preliminary injunction, meaning that the preliminary injunction remained in force and the plaintiff was fully protected during the stay, *id.* at *4 (explaining that "the potential length of a stay here is mitigated by the lack of identified prejudice to Plaintiffs" because "the Court's preliminary injunction will remain in place for the duration of the stay"). Here, the opposite is true: the Ninth Circuit stayed this Court's preliminary injunction in the near term, meaning Amazon has no protection from Perplexity's ongoing trespasses during the pendency of the appeal.

At bottom, the Ninth Circuit's rule that cases should proceed on the merits in trial courts while preliminary injunctions are pending on appeal applies squarely here, and for this reason, the Court should deny Perplexity's motion to stay.

---

[1] Moreover, Perplexity's arguments on appeal go far beyond the elements of the CFAA and CDAFA. *See supra* Section II. Background.

-6-

**B.       The *Landis* Factors Weigh Against a Stay.**

Even setting aside the Ninth Circuit's instruction that district courts should proceed with the underlying litigation while an appeal is pending, Perplexity is not entitled to a stay here because it cannot meet its heavy burden to satisfy the three *Landis* factors.

*1.       Amazon Will be Damaged by a Stay.*

The first *Landis* factor requires consideration of the possible damage to Amazon from the granting of a stay. *Nat'l Urb. League*, 508 F. Supp. 3d at 705.

A stay would substantially harm Amazon. This Court has granted Amazon's motion for preliminary injunction and ordered Perplexity to stop accessing "Amazon's protected computer systems using AI agents," finding that it is likely Amazon will succeed on its claims against Perplexity for violations of the CFAA and CDAFA and that "Amazon will face irreparable harm absent preliminary relief" as a result of Perplexity's ongoing violations of the CFAA and CDAFA. Dkt. 81 at 3–7. The longer Amazon must wait for its claims to be finally adjudicated and for the opportunity to obtain a permanent injunction, the greater the harm it suffers. This alone is enough "to meet the low bar of 'a fair possibility' that a stay would harm Plaintiff by delaying its ability to obtain injunctive relief and thus prolonging" the risk of irreparable harm. *Vicious Brands, Inc. v. Face Co.*, 2025 WL 754068, at *10 (N.D. Cal. Mar. 10, 2025) (quoting *Lockyer*, 398 F.3d at 1112); *Torliatt*, 2021 WL 2948868, at *5 ("A delay in the grant of injunctive relief weighs against a stay where a plaintiff alleges ongoing and future harm.").

Perplexity's arguments to the contrary are directly refuted by Ninth Circuit precedent. For example, Perplexity says "[t]he Ninth Circuit's grant of a stay of [this Court's order] is the strongest evidence on this point." Mot. at 4. But the Ninth Circuit has repeatedly held that a ruling on a motion to stay pending appeal "neither decides nor prejudges the merits of the appeal." *Duncan v. Bonta*, 83 F.4th 803, 803 n.1 (9th Cir. 2023) (en banc) (collecting cases); *Leiva-Perez v. Holder*, 640 F.3d 962, 967 (9th Cir. 2011) ("[P]re-adjudication adjudication would defeat the purpose of a stay, which is to give the reviewing court the time to 'act responsibly,' rather than doling out 'justice on the fly.'" (quoting *Nken v. Holder*, 556 U.S. 418, 427 (2009)). Thus, the Circuit's one-line stay order should be read as simply "hold[ing] the matter under review in abeyance because the appellate

-7-

court lack[ed] sufficient time to decide the merits," *Leiva-Perez*, 640 F.3d at 967, not as a rejection of this Court's findings on the merits after conducting a multi-hour evidentiary hearing.

Along these lines, this Court's finding of irreparable harm, which stands until and unless reversed, forecloses Perplexity's attempt to recharacterize Amazon's injuries as purely monetary. *Compare* Dkt. 81, *with* Mot. at 4–5. The Court found that Perplexity is actively trespassing on Amazon's secure systems in violation of federal and state law—harm that extensive precedent holds is irreparable by definition. Dkt. 81 at 4–5 (citing *Facebook, Inc. v. Power Ventures, Inc.*, 252 F. Supp. 3d 765, 782 (N.D. Cal. 2017) ("Numerous courts have found that unauthorized access of computers and the acquisition of data in violation of the CFAA constitute irreparable harm."), *aff'd*, 749 F. App'x 557 (9th Cir. 2019)). The cases Perplexity cites arguing that plaintiffs seeking only monetary damages are not harmed by a stay—*Lockyer* and *Noble v. JP Morgan Chase Bank, National Association*—are thus inapposite because much more than monetary damages are at issue here. Mot. at 4–5.

Furthermore, Perplexity's assertion that there is no "risk that a stay will drag on indefinitely," Mot. at 5, is again speculative. Perplexity does not know how long the Ninth Circuit will take to issue its opinion. And the fact that the Circuit granted "an administrative stay within six hours of receiving Amazon's opposition," Mot. at 5—i.e., on March 16—reflects only Perplexity's "request[] [for] a ruling . . . for *an immediate administrative stay* . . . no later than March 16, 2026" because this Court's seven-day administrative stay of its preliminary injunction was set to expire at that time. CA9 Dkt. 13.1 at 1. There is no basis for reasoning that the Circuit's quick decision extending this Court's administrative stay (and maintaining the status quo) has any bearing on how quickly the Circuit will issue a final opinion on the preliminary injunction. In fact, oral argument is scheduled for June 11, and there is "no time limit" for the Ninth Circuit to decide the appeal. *See* Office of the Clerk, *Frequently Asked Questions*, United States Court of Appeals for the Ninth Circuit (Dec. 2023), https://www.ca9.uscourts.gov/general/faq/ ("The Court has no time limit, but most cases are decided within 3 months to a year after submission."). Moreover, Perplexity may seek rehearing or certiorari, potentially extending the stay and further delaying the case. *See Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) (noting that a stay that terminates

upon the resolution of an appeal was a stay for an "indefinite" term and it "could remain in effect for a lengthy period of time, perhaps for years" if litigation continued to the Supreme Court).  A delay of months or years simply to begin discovery is far too long for Amazon to wait for relief from Perplexity's unlawful conduct.  *Aliphcom v. Fitbit, Inc.*, 154 F. Supp. 3d 933, 938 (N.D. Cal. 2015) ("[C]ourts have relied on delay as a reason to deny a stay where the plaintiff is seeking injunctive relief and a delay of months or years would allow the defendant to continue infringing a patent.").

The case law Perplexity relies on is inapposite.  Perplexity cites an unreported opinion and an unreported five-sentence docket order to argue that "[c]ourts . . . regularly stay[] district court proceedings pending appeal of a preliminary injunction." Mot. at 4 (citing *Kuang*, 2019 WL 1597495, at *1, and *Santa Rosa Mem'l Hosp. v. Maxwell-Jolly*, No. 08-cv-5173-SC, Dkt. 71 (N.D. Cal. Nov. 19, 2009)).  In *Kuang*, the court concluded there was no harm to plaintiffs because "the court's preliminary injunction will remain in place for the duration of the stay" as the Circuit had *denied* defendant's motion to stay.  *Id.*  And *Maxwell-Jolly* is a five-sentence docket order staying a case pending appeal based on the following: "District courts have inherent authority to stay proceedings before them." *Santa Rosa Mem'l Hosp.*, No. 08-cv-5173-SC, Dkt. 71.  That statement is axiomatic, but provides no reasoning, and thus no support to Perplexity's position.

Perplexity also relies on *STM Inv. S.a.r.l. v. 3P Equity Partners, LLC*, for the argument that "granting [a] stay during expedited appeal . . . would not result in an undue delay," Mot. at 5 (citing 2019 WL 9518077, at *2–3 (C.D. Cal. June 24, 2019)), but the *STM* court reached this conclusion after finding "there would be no damage to Plaintiffs since the preliminary injunction would remain in place" during the stay.  2019 WL 9518077, at *2.  Here, by contrast, the preliminary injunction has temporarily been stayed, so *STM* cuts against Perplexity's position.

## 2.    *Perplexity Will Not Suffer Hardship or Inequity if this Case Moves Forward.*

The second *Landis* factor requires consideration of "the hardship or inequity which [Perplexity] may suffer if the action moves forward." *Nat'l Urb. League*, 508 F. Supp. 3d at 705. Because there exists at least "a fair possibility that the stay . . . will work damage to [Amazon],"

-9-

Perplexity "must make out a clear case of hardship or inequity in being required to go forward." *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1087 (9th Cir. 2024) (quoting *Landis*, 299 U.S. at 255). Perplexity has not done so.

First, Perplexity's complaint that it will be forced to choose between "two litigation paths—answering the Complaint or moving to dismiss it—either of which may prove wasteful within weeks" because the Ninth Circuit's decision "will bear directly on that choice" and "shed light on the nature and sufficiency of the defenses," Mot. at 5, asks this Court to "read too much into" the Circuit's review of the Court's order granting preliminary relief, which the Circuit has "repeatedly cautioned" against. *ACA Connects*, 24 F.4th at 1249 (Wallace, J., concurring); *see supra*.[2] The decision between answering a complaint and filing a motion to dismiss is the same decision every litigant must make. "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112. And even if the Ninth Circuit does decide merits issues that affect the viability of Amazon's claims, Perplexity can file a motion for judgment on the pleadings under Rule 12(c) after it has filed an answer, which eliminates any claimed prejudice from having to respond to the Complaint before the appeal is resolved. In other words, Perplexity can file an answer, and in the unlikely event that the Ninth Circuit issues an opinion that is dispositive of Amazon's claims, it can file a motion for judgment on the pleadings.

Second, Perplexity claims that it would "be prejudiced by having to participate in case management proceedings and commence discovery." Mot. at 6. But that claimed hardship amounts to nothing more than the ordinary burdens of litigation, not any sort of cognizable prejudice. Case management proceedings and discovery are the standard steps that every party takes at the beginning of every lawsuit, and they are not so burdensome as to justify a stay.[3]

---

[2] To the extent the Court is inclined to grant any relief, it should extend Perplexity's deadline to respond to the Complaint but deny the stay and allow discovery to proceed.

[3] Indeed, if the Court were to adopt Perplexity's argument, a case would have to be stayed every time a motion to dismiss is filed; otherwise, parties could participate in "potentially unnecessary" proceedings and "incur unnecessary expenses as a result." *Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1101–02 (N.D. Cal. 2016) (denying stay); *see also, e.g.*, *Dependable Highway*, 498 F.3d at 1066 ("'[B]eing required to defend a suit . . . does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*.'"); *Ohio Sec. Ins. Co.*, 2021 WL 1253796, at *5 (Chesney, J.) (similar). However, that is definitively not the law. *See Lockyer*, 398 F.3d at

The notion that Perplexity, a company valued at $20 billion,[4] represented by sophisticated counsel, cannot manage these routine early-stage obligations while its lawyers simultaneously pursue an interlocutory appeal is not credible. To the contrary, Perplexity sought and obtained a stipulation seeking more time to do just that. Dkt. 92. Indeed, it appears Perplexity was able to prepare its opening appellate brief while simultaneously drafting the instant motion to stay and companion motion to shorten time. This Court should expect both parties to be able to manage discovery and an initial response to a pleading alongside an interlocutory appeal. What is more, Perplexity made the decision to seek interlocutory review—it should not now be heard to complain that the consequences of its own choice are too burdensome.

Along these lines, Perplexity's argument that the Ninth Circuit's ruling may fundamentally change the scope of discovery rings hollow. For example, Perplexity says that "if the Ninth Circuit narrows Amazon's theory of 'loss' such that only technological harms suffice, discovery into Amazon's alleged investigative harms may not be needed." Mot. at 6 (citing *Van Buren v. United States*, 593 U.S. 374, 391–92 (2021)). But even if the Circuit rules that "investigative costs" do not constitute "loss" post-*Van Buren*, this Court has already found that "there is no case raising a question as to the definition of 'loss'" with respect to Amazon's CDAFA claim, Dkt. 81 at 4 n.3—which Perplexity does not challenge on appeal, CA9 Dkt. 26.1 at 39–41. Thus, "investigative costs" will be an issue Perplexity pursues in discovery regardless of how the Circuit rules on the preliminary injunction. *See Expensify, Inc. v. Swappoint AG*, 2023 WL 8007983, at *4 (N.D. Cal. Nov. 18, 2023) ("Overall, this case is just getting started and should not be stayed where the same progress that could occur now would still need to occur after a stay."). Thus, because "litigation will move forward regardless of the outcome of [the] appeal," "the cost of litigating this case is not likely to be meaningfully reduced" by a stay. *Stiner v. Brookdale Senior Living, Inc.*, 383 F. Supp.

1112; *Edwards*, 193 F. Supp. 3d at 1101–02 (rejecting argument that having to participate in "potentially unnecessary" proceedings and incurring litigation expenses constitutes hardship under *Landis*); *cf. C.B. v. Sonora Sch. Dist.*, 2011 WL 4590775, at *2 (E.D. Cal. Sept. 30, 2011) ("Discovery preparation and review are standard and expected part of every litigation.").

[4] Perplexity has reached a $20 billion valuation. *See* Harshita Meenaktshi, *Perplexity Finalizes $20 Billion Valuation Round, the Information Reports*, Reuters (Sept. 10, 2025), https://www.reuters.com/technology/perplexity-finalizes-20-billion-valuation-round-information-reports-2025-09-10/.

-11-

3d 949, 955 (N.D. Cal. 2019); *see also Ambrosio v. Cogent Commc'ns, Inc.*, 2016 WL 7888024, at *3 (N.D. Cal. Sept. 21, 2016) ("Yet, this litigation will move forward regardless of the outcome of [defendant's] appeal . . . [a]s such, the cost of litigating this case is not likely to be less."). A stay here will do nothing but postpone discovery that must move forward in any case.

        3.      *Perplexity Cannot Show that the Orderly Course of Justice is Served by a Stay.*

"The third *Landis* factor is the consideration of the 'orderly course of justice measured in terms of the simplifying or complication of issues, proof, and questions of law which could be expected to result from a stay.'" *Calvillo Manriquez v. DeVos*, 2018 WL 5316174, at *3 (N.D. Cal. Aug. 30, 2018). This factor weighs decisively against a stay here.

Perplexity claims "[t]he Ninth Circuit's forthcoming decision will likely resolve, and at least provide guidance on, legal questions on which every claim in this case depends." Mot. at 6. But the possibility of guidance on legal questions does not justify staying discovery and other near-term case progress. To the contrary, as the Ninth Circuit has explained, appellate review of a preliminary injunction has "limited scope . . . because the fully developed factual record may be materially different from that initially before the district court." *Azar*, 911 F.3d at 583–84. Notably, Perplexity does not claim that if it loses the appeal (as Amazon believes it will), the case will end—demonstrating that Perplexity does not believe that the Ninth Circuit's decision will be dispositive. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984) ("A preliminary injunction, of course, is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment."). The Ninth Circuit may affirm, reverse, or remand on any number of grounds, and its ruling may or may not address the specific legal questions that will govern the merits of this case, and a stay would not promote efficiency.

What will promote clearing this Court's docket and developing case law on the issues Perplexity has repeatedly raised is allowing the case to move forward. Therefore, a stay will more likely "'result in unnecessary delay to the parties and inefficient use of judicial resources'" than simplify the issues before the district court. *Glob. Horizons,* 510 F.3d at 1058–59; *see also ACA*

-12-

*Connects*, 24 F.4th at 1249 (Wallace, J., concurring) ("Given the purported urgency of the case's resolution, the parties might 'have been better served to pursue aggressively' their claims in the district court, 'rather than apparently awaiting the outcome of this appeal.'" (quoting *Azar*, 911 F.3d at 583)); *Nat'l Urb. League*, 508 F. Supp. 3d at 706 (holding that the "orderly course of justice militates against a stay" where "Defendants ask this Court to do what the Ninth Circuit has admonished against. Specifically, Defendants ask the Court to wait 'until Defendants' appeal of the preliminary injunction is resolved'").

This principle applies with particular force here. Many of the issues Perplexity raises in its appeal are entirely irrelevant to proceedings in this Court. For example, Perplexity's opening appellate brief accuses this Court of hastily issuing a "thinly reasoned order" "one business day" after the hearing and of "collapsing" the four preliminary injunction factors into one. CA9 Dkt. 26.1 at 1, 3, 13–14, 42–44. Whatever the Ninth Circuit thinks of those inaccurate, largely procedural attacks on the preliminary injunction order, its views will have no effect on discovery or motion practice here.

Perplexity cites only two cases to support its claim that "[c]ourts routinely stay district court proceedings rather than press forward on issues an appellate court is simultaneously deciding." Mot. at 7 (citing *Kuang*, 2019 WL 1597495, at *6 and *Hawai'i v. Trump*, 233 F. Supp. 3d 850, 855 (D. Haw. 2017)). Both *Kuang* and *Hawai'i v. Trump* held that the plaintiffs would not be harmed during the stays because the preliminary injunctions would remain in place. *See Kuang*, 2019 WL 1597495, at *4; *Hawai'i*, 233 F. Supp. 3d at 853 ("[T]he Court concludes that a temporary stay of this action is appropriate during the pendency of related appellate proceedings *so long as the nationwide injunction entered in Washington v. Trump remains in effect*." (emphasis added)). Here, the opposite is true. Amazon will undoubtedly be harmed during a stay because there is no preliminary injunction in place to stop Perplexity's continuing trespasses with its Comet AI agent.

**C.      Perplexity's "Alternative" Relief Is Simply a Stay by Another Name.**

In the alternative to a full stay, Perplexity asks the Court to extend its deadline to respond to the Complaint, vacate the Case Management Conference and Joint Case Management Statement,

-13-

and defer the Rule 26(f) conference.[5]  Dkt. 95 at 2–3.  Perplexity's "alternative" relief is just a stay disguised as a compromise.  Extending all deadlines and vacating all conferences achieves the same outcome as a stay and halts the progress of this case while the appeal is pending.  This Court has already agreed to extend Perplexity's time for responding to Amazon's Complaint to a time that will be set at the May 15 Case Management Conference.  The Court should otherwise reject this request and allow discovery to move forward for the same reasons it should reject the stay itself.

## V.    CONCLUSION

The Ninth Circuit has repeatedly and emphatically instructed district courts not to stay proceedings to await the outcome of a preliminary injunction appeal.  Perplexity's motion asks this Court to do exactly that.  Because Perplexity cannot satisfy any of the *Landis* factors, and because granting a stay would contravene the Ninth Circuit's express directive that cases proceed in the regular course during preliminary injunction appeals, Amazon requests that the Court deny Perplexity's Motion to Stay Proceedings in its entirety, including Perplexity's alternative request for extensions and deferrals.  To the extent the Court is inclined to grant Perplexity any relief, it should extend only Perplexity's deadline for responding to the Complaint but otherwise allow discovery to proceed.

Dated: May 6, 2026

HUESTON HENNIGAN LLP

By: _____
Moez M. Kaba
Christine Woodin
Hagan Scotten
Billy Joe McLain
Lisa Chen

*Attorneys for Plaintiff*
*AMAZON.COM SERVICES LLC*

---

[5] Since Perplexity filed its motion, the Rule 26(f) conference occurred.

-14-