**HUESTON HENNIGAN LLP**
Moez M. Kaba (SBN 257456)
mkaba@hueston.com
Christine Woodin (SBN 295023)
cwoodin@hueston.com
Billy Joe McLain (SBN 290682)
bmclain@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 866-4825

Hagan Scotten, Esq. (admitted *Pro Hac Vice*)
hscotten@hueston.com
1 Little W 12th Street
New York, NY 10014
Telephone: (212) 268-8150
Facsimile: (888) 866-4825

Attorneys for Plaintiff
AMAZON.COM SERVICES LLC

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Daniel C. Posner (Bar No. 232009)
danposner@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:    (213) 443 3000
Facsimile:    (213) 443 3100

Andrew Schapiro (admitted *Pro Hac Vice*)
andrewschapiro@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606-1881
Telephone:    (312) 705 7400
Facsimile:    (312) 705 7401

Renita N. Sharma (admitted *Pro Hac Vice*)
renitasharma@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, New York 10016
Telephone:    (212) 849-7000
Facsimile:    (212) 849-7100

Attorneys for Defendant Perplexity AI, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

AMAZON.COM SERVICES LLC, a Delaware limited liability company,

Plaintiff,

v.

PERPLEXITY AI, INC., a Delaware corporation,

Defendant.

Case No.: 3:25-cv-09514-MMC

**JOINT CASE MANAGEMENT STATEMENT**

Date: May 15, 2026
Time: 10:30 A.M.
Courtroom: 7, 19th Floor
Judge: Hon. Maxine M. Chesney

Pursuant to the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, and the Court's Order of December 17, 2025 (ECF No. 42), Plaintiff Amazon.com Services LLC ("Amazon") and Defendant Perplexity AI, Inc. ("Perplexity"; together with Amazon, the "Parties", and individually, a "Party") by and through their undersigned counsel, hereby submit this Joint Case Management Statement in advance of the May 15, 2026 Case Management Conference.

**1.    JURISDICTION AND SERVICE**

The Parties agree that the Court has subject matter jurisdiction pursuant to the Computer Fraud and Abuse Act (the "CFAA"), 18 U.S.C. § 1030, and 28 U.S.C. § 1331 for Amazon's federal claim.

The Parties further agree that the Court has supplemental jurisdiction over Amazon's state law claim pursuant to 28 U.S.C. § 1367. Perplexity reserves its right to argue that the Court should decline to exercise supplemental jurisdiction over Amazon's state law claim in the event Amazon's CFAA claim is dismissed.

The Parties agree that no issues exist regarding personal jurisdiction or venue, and that no Party remains to be served.

**2.    FACTS**

**Chronology of the Facts**: The Parties include only a brief recitation of the chronology given the Court's familiarity with this case after having heard Amazon's motion for a preliminary injunction. In July 2025, Perplexity released a web browser called Comet that includes an AI agent feature that Amazon alleges can interact with third-party websites on behalf of users (the "Comet AI Assistant"). Prior to Amazon filing suit on November 4, 2025, and thereafter, the Parties communicated on multiple occasions, including through an alleged cease-and-desist letter sent by Amazon, regarding the Comet AI Assistant's alleged access to and interactions with the Amazon Store. Amazon has also allegedly implemented two technical blocks to restrict the Comet AI Assistant's alleged access to the password-protected areas of the Amazon Store, and Amazon contends that the Comet AI Assistant's access continues to this day.

**Principal Factual Issues in Dispute**: The Parties anticipate that the following factual issues, among others, will be disputed: (i) whether Perplexity, through the Comet AI Assistant, accesses password-protected areas of the Amazon Store and obtains information from it; (ii) whether the manner in which the Comet AI Assistant identifies itself to the Amazon Store, including its use of a user-agent string, conceals or misrepresents its identity or activity; (iii) whether Perplexity intentionally circumvented the technical blocks Amazon implemented to restrict the Comet AI Assistant's access to the password-protected areas of the Amazon Store; (iv) whether Amazon has suffered harm as a result of the Comet AI Assistant's activity in the Amazon Store; and (v) whether Amazon's Buy for Me program uses agentic AI to scrape third-party merchant websites, including perplexity.supply, and/or bypasses password-protected portions of such sites, without merchant consent.

3.  **LEGAL ISSUES**

The Parties anticipate that the following points of law, among others, will be disputed:

(i)  Whether Perplexity violates the CFAA;

(ii)  Whether Perplexity violates the California Comprehensive Computer Data Access and Fraud Act ("CDAFA"), Cal. Pen. Code § 502; and

(iii)  Whether Amazon's unclean hands preclude it from obtaining relief.

**4.  MOTIONS**

On March 9, 2026, the Court granted Amazon's motion for a preliminary injunction (ECF No. 81). The Ninth Circuit granted a stay of the preliminary injunction pending appeal on March 18, 2026 (CA9 ECF No. 19).[1] The Parties have completed briefing on an expedited appeal, and oral argument is scheduled to take place on June 11, 2026 (CA9 ECF No. 21).

On April 7, 2026, Perplexity filed a motion to stay all district court proceedings and an administrative motion to shorten time to hear the motion to stay (ECF Nos. 95-96). On April 13, 2026, the Court denied the administrative motion to shorten time, extended Amazon's deadline to file opposition to the motion to stay to May 6, 2026, and stayed Perplexity's deadline to respond

---

[1]  "CA9 ECF" citations refer to the Ninth Circuit docket, *Amazon.com Services LLC v. Perplexity AI, Inc.*, No. 26-1444 (9th Cir. 2026).

to the Complaint to a date to be set at the Initial Case Management Conference (ECF No. 96). Perplexity's motion to stay will be fully briefed by the time of the Initial Case Management Conference. Perplexity has not yet answered the Complaint and reserves all rights with respect to its responsive pleading.

**5.      AMENDMENT OF PLEADINGS**

Amazon reserves the right to amend the Complaint as a matter of course or seek leave to amend under Fed. R. Civ. P. 15(a).

Perplexity has not yet answered the Complaint and reserves all rights to assert counterclaims if and when it files an Answer.

**6.      EVIDENCE PRESERVATION**

The Parties confirm that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this Action.

Amazon has asked Perplexity to confirm that it has suspended any auto-deletion policies, including its policy to delete snapshots that the Comet AI Assistant takes within the Amazon Store and sends to Perplexity's servers after 30 days; at the 26(f) conference, Perplexity's counsel promised to investigate and confirm. Perplexity has yet to confirm and Amazon reserves all rights, including with respect to spoliation.

**7.      DISCLOSURES**

The Parties timely exchanged their initial disclosures on April 27, 2026.

**8.      DISCOVERY**

**Discovery Taken to Date**: Perplexity has not served discovery yet and maintains its position that discovery is premature and should be stayed in light of the pending Ninth Circuit appeal. On May 4, 2026, Amazon served interrogatories, requests for production, and requests for admission on Perplexity.

**Scope of Anticipated Discovery**: Amazon expects to seek documentary and testimonial discovery from Perplexity, regarding, among other things: (1) Perplexity's unauthorized access to, interactions with, and use of the password protected areas of the Amazon Store; (2) the operation of the Comet browser and Comet AI Assistant, including browser identification, user-agent configuration, data use, and system and server interactions; (3) Perplexity's strategy, decision-making, and conduct relating to the deployment and operation of the Comet AI Assistant in the password protected areas of the Amazon Store, including in light of Amazon's restrictions and technical measures; (4) communications between Amazon and Perplexity regarding the latter's misconduct in the Amazon Store; and (5) other facts and circumstances underlying the allegations in the Complaint and the claims and defenses in this action.

Perplexity expects to seek documentary and testimonial discovery from Amazon, regarding, among other things: (1) Amazon's own use of agentic AI to access third-party merchant websites, including its Buy for Me program and related initiatives, and including Amazon's listing of Perplexity merchandise and reproduction of Perplexity's logo on Amazon.com; (2) the basis for Amazon's claimed harms, including the asserted impact on Amazon's systems and customer shopping experience, and merchant and customer complaints concerning Amazon's own agentic AI programs; (3) Amazon's communications and conduct relating to Perplexity, the Comet browser, the Comet AI Assistant, and Buy with Pro, including the technical measures Amazon directed at the Comet AI Assistant; (4) Amazon's commercial relationships and competitive interests bearing on the agentic AI and e-commerce markets, including Amazon's investment in OpenAI and OpenAI's purchase of computing services from Amazon Web Services; (5) the existence, if any, of customer complaints to Amazon, Amazon cybersecurity incidents, or other problems related to Amazon customers' use of the Comet AI Assistant; and (6) other facts and circumstances underlying the claims and defenses in this action.

**Proposed Limitations or Modifications to the Discovery Rules**:

*Limitations*. Although the parties do not presently seek modification of the limits imposed by the Federal Rules of Civil Procedure, they reserve the right to do so as circumstances necessitate.

*Document Subpoenas to Non-Parties*. The Parties agree as follows with respect to non-parties producing materials in response to Fed. R. Civ. P. 45 document subpoenas in this Action. The issuing Party shall request that non-parties simultaneously produce materials to both Parties. If, notwithstanding such request, the non-party does not produce the materials to both sides, the issuing Party shall provide a copy of all materials to the other side within three calendar days after receipt of the materials from the non-party.

*Authenticity Presumptions*. The Parties agree that all documents produced by either Party or by non-parties from the non-parties' files shall be presumed to be authentic within the meaning of Fed. R. Evid. 901. If a party serves a specific good faith written objection to the authenticity of a particular document, the presumption of authenticity will no longer apply to that document. Any objection to a document's authenticity must be provided with (or prior to) the exchange of objections to trial exhibits. The Parties will promptly meet and confer to attempt to resolve any such objection.

*Service*. Service of any documents not filed via ECF, including pleadings, discovery requests, subpoenas for testimony or documents, and expert disclosure shall be by email to all attorneys for the receiving Party then appearing on the ECF docket, at the email addresses listed thereon. In the event the volume of served materials is too large for email and requires electronic data transfer by file transfer protocol or a similar technology, or overnight delivery, the serving Party will telephone or email the other side when the materials are sent to provide notice that the materials are being served.

**Report of Planned Stipulated E-Discovery Order**: The Parties will file a Stipulated Electronically Stored Information (ESI) [Proposed] Order by May 29, 2026.

**Current Discovery Disputes**: There are no current discovery disputes that require relief from the Court.

**9.    CLASS ACTIONS**

Not applicable.

**10.    RELATED CASES**

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**11.    RELIEF**

Amazon seeks all appropriate monetary, injunctive, and equitable relief as outlined in the Complaint.

Perplexity disputes that Amazon is entitled to any relief whatsoever, and further reserves all rights to seek attorneys' fees and costs.

**12.    SETTLEMENT AND ADR**

The Parties have met and conferred regarding ADR and determined that ADR would not assist in resolving the case at this time. The Parties, however, intend to stipulate to an ADR process in due course. On April 24, 2026, the Parties filed their respective ADR certifications.

**13.    OTHER REFERENCES**

The Parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    NARROWING OF ISSUES**

The Parties agree that Amazon's computers are protected computers under the CFAA.

**15.    SCHEDULING**

For the reasons explained in Amazon's opposition to the motion to stay, this case should proceed expeditiously during the appeal because Amazon continues to suffer irreparable harm each day the injunction is not in effect, a stay is not warranted under the *Landis* factors, and the Ninth Circuit has a strong presumption against stays during appeals of preliminary injunctions. Thus, Amazon proposes the following case schedule:

| | |
|---|---|
| Fact Discovery Cutoff: | November 13, 2026 |
| Opening Expert Disclosures: | December 18, 2026 |
| Rebuttal Expert Disclosures: | January 18, 2027 |
| Expert Discovery Cutoff: | February 19, 2027 |
| Last Day to File Dispositive/Daubert Motions: | March 19, 2027 |
| Joint Pretrial Conference Statement: | May 24, 2027 |
| Pretrial Conference: | June 8, 2027 |
| Trial Date: | June 21, 2027 |

Perplexity's position is that, for the reasons explained in its pending motion to stay, the Court should defer entry of a scheduling order, and should defer discovery, until after the Ninth Circuit rules on Perplexity's appeal from the Court's preliminary injunction. In the event the Court prefers to set a schedule now, Perplexity proposes the following case schedule:

| | |
|---|---|
| Fact Discovery Cutoff: | February 12, 2027 |
| Opening Expert Disclosures: | March 26, 2027 |
| Rebuttal Expert Disclosures: | April 26, 2027 |
| Expert Discovery Cutoff: | May 28, 2027 |
| Last Day to File Dispositive/Daubert Motions: | June 25, 2027 |
| Joint Pretrial Conference Statement: | August 30, 2027 |
| Pretrial Conference: | September 14, 2027 |
| Trial Date: | September 27, 2027 |

## 16. TRIAL

The Parties agree that this case should be tried before a jury. At this time, the Parties estimate that the trial will take 5-7 court days.

## 17. DISCLOSURES OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-15, Amazon filed its Certification of Interested Entities or Persons (ECF No. 3), which discloses that as of the date of filing, Amazon is a wholly-owned subsidiary of Amazon.com Sales, Inc., which is in turn a wholly-owned subsidiary of

Amazon.com, Inc. Other than the Parties, Amazon.com Sales, Inc., and Amazon.com, Inc., there is no other person, firm, partnership, corporation, or other entity known by Amazon to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Pursuant to Civil Local Rule 3-15, Perplexity filed its Certification of Interested Entities or Persons (ECF No. 31), which discloses that, apart from the named parties, the following persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to this proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Perplexity AI Portugal, Unipessoal LDA; Perplexity AI doo Belgrade; Perplexity AI Ltd.; Perplexity Management Co., LLC; and Perplexity F7 Fund I LP. Each of the foregoing listed entities is a subsidiary or corporate affiliate of Defendant Perplexity AI, Inc.

**18.    PROFESSIONAL CONDUCT**

The Parties confirm that all attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: May 8, 2026                                    HUESTON HENNIGAN LLP

By: _____
    Moez M. Kaba
    Christine Woodin
    Hagan Scotten
    Billy Joe McLain

    *Attorneys for Plaintiff*
    *AMAZON.COM SERVICES LLC*

Dated: May 8, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP


*/s/ Daniel C. Posner*

By: _____

John B. Quinn
Andrew Schapiro
Daniel C. Posner
Renita N. Sharma

*Attorneys for Defendant*
*PERPLEXITY AI, INC.*

Case No. 3:25-cv-09514-MMC
JOINT CASE MANAGEMENT STATEMENT