**HUESTON HENNIGAN LLP**
Moez M. Kaba, Esq. (SBN 257456)
mkaba@hueston.com
Christine Woodin, Esq. (SBN 295023)
cwoodin@hueston.com
Billy Joe McLain, Esq. (SBN 290682)
bmclain@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 866-4825

Hagan Scotten, Esq. (admitted *Pro Hac Vice*)
hscotten@hueston.com
1 Little W 12th Street
New York, NY 10014
Telephone: (212) 268-8150
Facsimile: (888) 866-4825

Attorneys for Plaintiff
AMAZON.COM SERVICES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMAZON.COM SERVICES LLC, a Delaware limited liability company, | Case No.: 3:25-cv-09514-MMC |
| Plaintiff, | **JOINT STATUS REPORT** |
| v. | Hon. Maxine M. Chesney<br>Courtroom 7 |
| PERPLEXITY AI, INC., a Delaware corporation, | |
| Defendant. | |

-i-

Pursuant to the Court's Minute Order of May 18, 2026 (ECF No. 106), Plaintiff Amazon.com Services LLC ("Amazon") and Defendant Perplexity AI, Inc. ("Perplexity; together with Amazon, the "Parties", and individually, a "Party") by and through their undersigned counsel, hereby submit this Joint Status Report following the Ninth Circuit's ruling on Perplexity's appeal of the Court's preliminary injunction.  (ECF No. 114).  The Parties have conferred and are each submitting a two-page explanation regarding the effect the Ninth Circuit's decision has on Amazon's case pending before this Court.

## I.    STATEMENT OF PLAINTIFF AMAZON

Although the Ninth Circuit vacated the injunction, it rejected Perplexity's definition of "access" and its decision provides a clear path to Amazon prevailing on its existing CFAA and CDAFA claims.  *See* (ECF No. 114 at 14-16).  Indeed, the panel's opinion invites further factual development before this Court—noting that its decision is based "[o]n the facts before us" and stating "[w]e do not address whether, on a different record or new facts, Perplexity may exercise control over the Assistant in such a way as to gain entry to Amazon's servers."  (*Id*. at 15).  This Court should allow the parties to continue moving forward with discovery on Amazon's existing claims so a full factual record can be developed.  Only then, with all the facts about how Perplexity's Comet AI "Assistant" operates and all the facts about the risks of irreparable harm Perplexity's conduct creates for Amazon can this Court determine appropriate remedies, including a permanent injunction and damages.[1]

As an initial matter, the Ninth Circuit's decision makes clear that this Court and Amazon were correct on the law.  At each step of its CFAA analysis, the panel rejected the legal arguments Perplexity pressed on appeal.  Declining to adopt Perplexity's effort to equate "access" with a physical break-in, the panel explained that "access" is merely "the act of entering a computer system itself."  (*Id*. at 15 (citing *Van Buren v. United States*, 593 U.S. 374, 388 (2021)).  The panel

---

[1] The panel noted "[w]e do not address whether in other contexts, including tort claims, Perplexity can avoid liability for the Assistant's actions."  (ECF. No. 114 at 17).  Amazon is considering filing an amended complaint, but any such complaint will continue to assert CFAA and CDAFA claims.  To the extent Amazon files an amended complaint, the Parties can confer about an extension of time for Perplexity to file its answer or motion to dismiss.  But this should not delay the parties moving forward with discovery.

likewise rejected Perplexity's novel rule that only a direct server-to-server connection can constitute "access" under the CFAA. *See* (*id*. at 14-15). Instead, the panel correctly recognized that the dispositive question is "whether Perplexity uses a tool (the Assistant) to 'access' Amazon's computers." (*Id*. at 15). That dispositive question cannot be answered without further factual development before this Court.[2]

The panel's decision also reflects that this case never rose or fell based only on facts supporting this Court's preliminary injunction. It is well-settled that a party "is not required to prove his case in full at a preliminary-injunction hearing" and "findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits[.]" *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395, (1981). After all, a "district court's findings supporting its order granting or denying a permanent injunction may differ from its findings at the preliminary injunction stage because by then presentation of all the evidence has been completed." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 724 (9th Cir. 1983). Consistent with this reasoning, the panel expressly recognized that "on a different record or new facts, Perplexity may exercise control over the Assistant in such a way as to gain entry to Amazon's servers." (ECF No. 114 at 15).

Moreover, while this matter was pending before the Ninth Circuit, Amazon discovered that through its product, Comet for iOS, Perplexity's own cloud-hosted browser obtains an Amazon customer's credentials and transmits requests to, and receives responses from, Amazon's servers using that Amazon customer's authentication cookies. In this configuration, which Perplexity "temporarily disabled" upon Amazon's complaint, Perplexity's servers connect directly to Amazon's servers and Perplexity directly obtains information from Amazon's servers. Thus, even without formal discovery, Amazon developed evidence indicating that Perplexity's servers and the Assistant operate differently than Perplexity had represented to this Court throughout the preliminary-injunction litigation. And it is undisputed that Perplexity did not disclose Comet for iOS to this Court.

---

[2] The panel's reversal of this Court's preliminary injunction is entirely dependent on its interpretation of "access." It did not address any other aspects of the CFAA or CDAFA, and although it briefly discussed the other preliminary injunction factors, its analysis turned on its belief that the district court erred on the merits. *See* (ECF No. 114 at 18–21).

-2-

JOINT STATUS REPORT - Case No. 3:25-cv-09514-MMC

At bottom, the panel's decision, longstanding case law, and recent factual developments regarding the nature of the Assistant all make plain that full factual discovery into how Perplexity's Assistant works (e.g., its source code, server-side conduct, and security risks) is necessary and appropriate to remedy the harms Amazon has suffered and continues to suffer.

## II.    STATEMENT OF DEFENDANT PERPLEXITY AI, INC.

Defendant Perplexity AI, Inc. ("Perplexity") respectfully submits this statement regarding the status of this litigation in accordance with the Court's May 18 order.  *See* Dkt. 107 at 2.

The Ninth Circuit's precedential decision in *Amazon.com Services, LLC v. Perplexity AI, Inc.*, __ F.4th __, 2026 WL 2237587 (9th Cir. Aug. 4, 2026), resolves this case.  The Court held that when the Comet Assistant performs actions on Amazon.com at a human user's direction, such actions do not constitute "access" by Perplexity to Amazon's computer systems, under either the CFAA or CDAFA.  Rather, "[i]t is the user who 'accesses' Amazon's computers." *Id.*, at *6.  In light of this dispositive holding, Perplexity plans to move to dismiss this case.  Perplexity respectfully submits that the interests of judicial efficiency support staying all discovery pending the Court's resolution of Perplexity's upcoming motion to dismiss.

The CFAA and CDAFA require Amazon to prove that Perplexity "accessed" its computers. The Ninth Circuit confirmed that Amazon cannot meet this burden.  ***First***, the court held that, under the "plain language" of the CFAA, the Assistant cannot "access" Amazon.com because it is a technological tool, not a "person."  *Id.*, at *5 (citing 18 U.S.C. § 921(a)(1)).  The court observed that the CDAFA, too, requires access by a "person."  *Id.*, at *7.  ***Second***, the court rejected the theory that Perplexity accesses Amazon.com through the Assistant because "[i]t is the user who 'accesses' Amazon's computers, with the help of the Assistant to carry out specific acts on Amazon.com."  *Id.*, at *6.  The court thus held that when a human user engages the Assistant to "carry out specific acts" on Amazon.com, that conduct is, as a matter of law, attributable to the human user, not Perplexity.

The remainder of the Ninth Circuit's ruling only further confirms that Amazon's claims are not cognizable.  It observed that holding Perplexity liable "would require a novel interpretation far

afield" from the CFAA's purpose of preventing computer hacking. *Id.*, at \*6. It further noted that Amazon's theory would expose Comet users to criminal liability for "facilitating Perplexity's purported unauthorized access to Amazon's servers." *Id.* And it saw no evidence that the CFAA was intended to criminalize such a "broad range of day-to-day activity." *Id.* (citation omitted).

The Ninth Circuit's published legal conclusions regarding the meaning and scope of the statutes' "access" requirements, and their application to the mechanics of the Assistant's operation, bind this Court as the law of the case and the law of the circuit. *Ranchers Cattleman Action Legal Fund v. USDA*, 499 F.3d 1108, 1114 (9th Cir. 2007); *Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1076 n.5 (9th Cir. 2015). And they doom Amazon's claims. Amazon cannot allege that the Assistant accesses or interacts with Amazon's servers in a manner that is legally attributable to Perplexity under what is now binding precedent. Indeed, Amazon repeatedly admits that the Assistant acts on human users' "behalf," Compl. ¶¶ 3, 4, 25, 33, and in response to their "prompts," *id.* ¶ 33. This is the same human-directed activity that the Ninth Circuit held, as a matter of law, does not constitute access by Perplexity. Thus, in light of the Ninth Circuit's ruling, Amazon has pleaded itself out of court.

The parties have been actively participating in discovery pending the Ninth Circuit's ruling. Given that all Amazon's claims are now subject to dismissal under controlling law, further discovery is not warranted. At a minimum, judicial efficiency supports deferring any further discovery until after the Court resolves Perplexity's forthcoming motion to dismiss claims that the Ninth Circuit's ruling has indicated are legally flawed. Even if Amazon amends its complaint, as it has indicated it may do, it would be "sounder practice to determine whether there is any reasonable likelihood that [it] can construct a claim before forcing the parties to undergo the expense of discovery." *Smith v. Intel Corp.*, 745 F. Supp. 3d 853, 869 (N.D. Cal. 2024) (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)); *see also Realtek Semiconductor Corp. v. MediaTek, Inc.*, 732 F. Supp. 3d 1101, 1118 (N.D. Cal. 2024) (granting motion to stay discovery "pending the filing of an answer to any amended complaint" because

plaintiff "ha[d] not yet stated a valid claim for relief" and it was "possible that [it] may not be able to do so in any amended complaint").

Perplexity's present deadline to respond to Amazon's complaint is August 25.  Dkt. 106.  If Amazon indicates in its position statement herein (which, per the parties' agreement, Perplexity has not reviewed before preparing this statement) that it intends to amend its complaint, then Perplexity respectfully requests that the Court vacate Perplexity's deadline to respond to the complaint until a later date to be determined after Amazon files its amended complaint.

Perplexity would be glad to discuss these issues with the Court at a status conference at the Court's earliest convenience.

**III.    CONCLUSION**

The Parties hereby submit their respective positions to the Court in this Joint Status Report.

Dated: August 14, 2026                    HUESTON HENNIGAN LLP


By: _____
     Moez M. Kaba
     Christine Woodin
     Hagan Scotten
     Billy Joe McLain

     *Attorneys for Plaintiff*
     *AMAZON.COM SERVICES LLC*


Dated: August 14, 2026                    QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP


By: _____/s/ *Daniel C. Posner*_____
     Daniel C. Posner

     *Attorneys for Defendant*
     *PERPLEXITY AI, INC.*

-5-