**HUESTON HENNIGAN LLP**
Moez M. Kaba, Esq. (SBN 257456)
mkaba@hueston.com
Christine Woodin, Esq. (SBN 295023)
cwoodin@hueston.com
Billy Joe McLain, Esq. (SBN 290682)
bmclain@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 866-4825

Hagan Scotten, Esq. (admitted *Pro Hac Vice*)
hscotten@hueston.com
1 Little W 12th Street
New York, NY 10014
Telephone: (212) 268-8150
Facsimile: (888) 866-4825

Attorneys for Plaintiff
AMAZON.COM SERVICES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

AMAZON.COM SERVICES LLC, a Delaware limited liability company,

Plaintiff,

v.

PERPLEXITY AI, INC., a Delaware corporation,

Defendant.

Case No.: 3:25-cv-09514-MMC

**AMAZON.COM SERVICES LLC'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY**

**Date**: November 20, 2026
**Hearing Time**: 9:00 a.m.
**Courtroom**: 7
**Judge**: Maxine M. Chesney

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on November 20, 2026, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 7 at 450 Golden Gate Avenue, San Francisco, California, Plaintiff Amazon.com Services LLC ("Amazon") will and hereby does move, pursuant to Federal Rules of Civil Procedure 26, 33, 34, 36, and 37 and Civil Local Rules 37-1 and 37-2, for an order compelling Defendant Perplexity AI, Inc. ("Perplexity") to provide the discovery described below.

Amazon seeks an order (1) overruling Perplexity's General Objection 1 as to the requests at issue; (2) compelling Perplexity to serve complete, verified answers to Interrogatory 1 of Amazon's Amended First Set of Interrogatories and Interrogatory 11 of Amazon's Second Set of Interrogatories within fourteen days of the Court's order; (3) compelling Perplexity to produce documents responsive to Request for Production 1 of Amazon's Amended First Set of Requests for Production and Requests for Production 18 and 35 of Amazon's Second Set of Requests for Production, beginning within fourteen days of the Court's order and substantially completing production within thirty days; and (4) compelling Perplexity to answer Requests for Admission 22 through 27 of Amazon's Second Set of Requests for Admission within fourteen days of the Court's order, and deeming those matters admitted if Perplexity fails to serve answers that comply with Rule 36(a)(4).

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Billy Joe McLain and the exhibits thereto, the record, and any argument the Court permits. Under Civil Local Rule 37-1(a), counsel met and conferred on July 1 and October 1, 2026, and exchanged correspondence between June 22 and October 7, 2026, without resolving these disputes. McLain Decl. ¶¶ 2, 9.

Dated: October 12, 2026

HUESTON HENNIGAN LLP

By: ______________________________

Moez M. Kaba
Christine Woodin
Hagan Scotten
Billy Joe McLain

*Attorneys for Plaintiff*
*AMAZON.COM SERVICES LLC*

# TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. ISSUE TO BE DECIDED .......... 2

III. STATEMENT OF FACTS .......... 2

A. The Court Ordered Discovery to Proceed .......... 2

B. Amazon Served Discovery and Narrowed It at Perplexity's Request .......... 3

C. The Ninth Circuit Vacated the Preliminary Injunction and Left Open the Factual Questions at Issue .......... 4

D. Perplexity Refused to Respond to Amazon's Discovery Requests .......... 5

IV. LEGAL STANDARD .......... 6

V. ARGUMENT .......... 7

A. Perplexity May Not Stay Discovery Without a Court Order (And No Order Is Warranted) .......... 7

B. Perplexity Cannot Justify a Discovery Stay .......... 7

C. The Court Should Compel the Targeted Discovery at Issue .......... 10

1. Perplexity Agreed to Provide Request for Production 1 and Interrogatory 1 Discovery .......... 10

2. Requests for Production 18 and 35 Seek Evidence of Perplexity's Control over the Comet AI Agent .......... 13

3. Interrogatory 11 and Requests for Admission 22–27 Seek Evidence of Direct Access on Comet for iOS .......... 16

VI. CONCLUSION .......... 22

# TABLE OF AUTHORITIES


**Page(s)**

**Federal Cases**

*Amazon.com Servs., LLC v. Perplexity AI, Inc.*,
184 F.4th 1083 (9th Cir. 2026) .......... *passim*

*Blankenship v. Hearst Corp.*,
519 F.2d 418 (9th Cir. 1975) .......... 7

*Carter v. Oath Holdings Inc.*,
2018 WL 3067985 (N.D. Cal. June 21, 2018) .......... 8

*Gray v. First Winthrop Corp.*,
133 F.R.D. 39 (N.D. Cal. 1990) .......... 1, 7, 8

*Meta Platforms, Inc. v. Voyager Labs Ltd.*,
2023 WL 4828007 (N.D. Cal. July 26, 2023) .......... 9

*In re Nexus 6P Prods. Liab. Litig.*,
2018 WL 3036734 (N.D. Cal. June 19, 2018) .......... 10

*Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
220 F.R.D. 349 (N.D. Cal. 2003) .......... 8, 10

*Pioche Mines Consol., Inc. v. Dolman*,
333 F.2d 257 (9th Cir. 1964) .......... 2, 7

*Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. USDA*,
499 F.3d 1108 (9th Cir. 2007) .......... 9

*Skellerup Indus. Ltd. v. City of Los Angeles*,
163 F.R.D. 598 (C.D. Cal. 1995) .......... 7, 8

*SVB Fin. Grp. v. FDIC*,
2024 WL 1898439 (N.D. Cal. Apr. 29, 2024) .......... 8

*Tavantzis v. Am. Airlines, Inc.*,
2024 WL 812012 (N.D. Cal. Feb. 23, 2024) .......... 8, 10

*Turner Broad. Sys., Inc. v. Tracinda Corp.*,
175 F.R.D. 554 (D. Nev. 1997) .......... 7

*Univ. of Texas v. Camenisch*,
451 U.S. 390 (1981) .......... 9

*Zepeda v. U.S. I.N.S.*,
753 F.2d 719 (9th Cir. 1983) .......... 9

**California Cases**

*Pac. Gas & Elec. Co. v. Bear Stearns & Co.*,
50 Cal. 3d 1118 (1990) .......... 10, 11

**Federal Statutes**

California Penal Code § 502 .......... 2, 4, 9, 10, 11

18 U.S.C. § 1030 .......... 2, 4, 8, 9, 10, 11

**Rules**

Fed. R. Civ. P. 12(b)(6) .......... 2, 7, 8

Fed. R. Civ. P. 26(b) .......... 6, 16

Fed. R. Civ. P. 26(c) .......... 2, 7

Fed. R. Civ. P. 36(a) .......... 6, 7, 21

Fed. R. Civ. P. 37(a)(3) .......... 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Perplexity has unilaterally granted itself a discovery stay. It has produced no documents and refuses to answer interrogatories and requests for admission that go to the heart of this case. Instead of producing discovery, Perplexity principally relies on what it calls "General Objection 1," which asserts that Perplexity "will not respond . . . at this time" based on the Ninth Circuit's decision on the preliminary injunction. McLain Decl. Ex. 2 at 2:2–6, 8:22–23. The Ninth Circuit's decision, however, confirms the need for discovery. Although it vacated the injunction, "on the current record" before it, it declined to accept Perplexity's categorical legal defenses, it did not address the sufficiency of Amazon's complaint, and it certainly did not dismiss Amazon's case. *Amazon.com Servs., LLC v. Perplexity AI, Inc.*, 184 F.4th 1083, 1091 (9th Cir. 2026). Instead, it held that "on a different record or new facts, Perplexity may exercise control over the Assistant in such a way as to gain entry to Amazon's servers." *Id.*

The discovery Amazon seeks gets at those highly relevant facts. As Amazon clearly pled in its First Amended Complaint ("FAC"), Perplexity's servers select the agent's actions inside password-protected Amazon pages; Perplexity's Comet AI agent enters Amazon even when the user has not asked it to do so; Perplexity's employees direct the agent into Amazon accounts to develop and test it; and, on Comet for iOS, Perplexity's cloud servers connect directly to Amazon's servers with no user device in the path. Dkt. 122 ¶¶ 35–40, 66–68, 93. The FAC also adds a tortious-interference claim that the Ninth Circuit expressly flagged. *Id.* ¶¶ 109–20; *Amazon.com Servs.*, 184 F.4th at 1092 ("We do not address whether in other contexts, including tort claims, Perplexity can avoid liability for the Assistant's actions.").

Put simply, Perplexity is attempting to deprive Amazon of the ability to build its factual record, notwithstanding the allegations in the case. No authority permits Perplexity's approach. A (forthcoming) motion to dismiss does not automatically stay discovery. *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). Nor may a party obtain a stay by objection. Relief from the duty to respond to discovery is a protective order, which only the Court can grant, on a

motion showing good cause. Fed. R. Civ. P. 26(c)(1)(A)–(B). It is "for the court, not the deponent or his counsel," to relieve a party of its discovery obligations. *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964). This Court has already ordered discovery to proceed over Perplexity's request for a stay pending appeal. *See* Dkts. 95, 105 (stay request); 106, 107 (order). And after the Ninth Circuit vacated the preliminary injunction and remanded for further proceedings, Perplexity again requested a discovery stay in its Joint Status Report, which the Court did not grant. Dkt. 115 at 3–5. Perplexity's anticipated motion to dismiss supplies no basis to disregard this Court's discovery order.

The discovery Amazon asks this Court to compel is targeted to precisely the issues the Ninth Circuit identified as requiring factual development, and it is limited to three requests for production, two interrogatories, and six requests for admission. These requests ask for the technical records showing the extent to which Perplexity controls the Comet AI agent, what happens on Comet for iOS, and what logs exist for the sessions most probative of control and access. They are thus focused specifically on the "different record or new facts" the Ninth Circuit identified as potentially outcome-determinative. The Federal Rules allow Amazon to develop the facts alleged in the FAC so that it may present them to a jury. The Federal Rules do not allow Perplexity to cut off discovery based on its own prediction that a forthcoming Rule 12(b)(6) motion will be case-dispositive.

## II. ISSUE TO BE DECIDED

Whether Perplexity may withhold relevant, proportional discovery based on its motion to dismiss and its reading of the Ninth Circuit's preliminary-injunction decision when no court has stayed discovery and the operative complaint (1) addresses factual questions the Ninth Circuit left open, and (2) pleads a tort claim the Ninth Circuit did not consider.

## III. STATEMENT OF FACTS

### A. The Court Ordered Discovery to Proceed

Amazon sued Perplexity in November 2025 under the Computer Fraud and Abuse Act ("CFAA") and California's Comprehensive Computer Data Access and Fraud Act ("CDAFA") and obtained a preliminary injunction on March 9, 2026. Dkt. 81. On April 7, Perplexity moved to

stay proceedings pending appeal, arguing that it should not have to "negotiate discovery parameters, exchange initial disclosures, and begin document production" before the Ninth Circuit ruled. Dkt. 95 at 6. On May 15, the Court relieved Perplexity of its obligation to respond to the complaint, but ordered discovery to proceed, setting a February 12, 2027 discovery cutoff. Dkts. 106, 107. And after the Ninth Circuit ruled, Perplexity again requested a discovery stay in its Joint Status Report, to no avail. Dkt. 115 at 3–5.

**B. Amazon Served Discovery and Narrowed It at Perplexity's Request**

Amazon served its First Set of Discovery Requests ("First Discovery Set") on May 4, 2026, including 14 Requests for Production, 10 Interrogatories, and 20 Requests for Admission. McLain Decl. ¶ 2. Perplexity responded on June 15. *Id.* After conferring on July 1, the parties negotiated narrower requests in exchange for more substantive responses. *See Id.* ¶ 2, Ex. 1 at 3–7.

On July 8, Perplexity's counsel proposed that Perplexity would respond to Request for Production 1 if Amazon reframed it to seek: "Documents sufficient to show (i) how the Comet AI Agent accesses the Amazon Store, (ii) what information the Comet AI Agent obtains from the Amazon Store, (iii) how the Comet AI Agent obtains authorization for access to the Amazon Store (if any), and (iv) any notice to Perplexity regarding access to the Amazon Store." *Id.* Ex. 1 at 4. Perplexity further stated that if Amazon accepted that formulation, "Perplexity will collect and produce non-privileged responsive documents." *Id.* Perplexity also agreed to "work with technical personnel at Perplexity" to answer reformulated interrogatories, including Interrogatory 1 that the parties had negotiated. *Id.* Amazon served the Amended First Set of Discovery Requests ("Amended First Discovery Set") on July 14. Perplexity did not provide the promised discovery.

On July 21, Amazon served its Second Set of Discovery Requests ("Second Discovery Set"), which consists of 22 Requests for Production, one Interrogatory, and 23 Requests for Admission. McLain Decl. ¶ 3.

### C. The Ninth Circuit Vacated the Preliminary Injunction and Left Open the Factual Questions at Issue

On August 4, 2026, the Ninth Circuit vacated the preliminary injunction, addressing only the CFAA and CDAFA "access" elements. *Amazon.com Servs.*, 184 F.4th at 1091. It accepted that "access" means "the act of entering a computer system" and asked "whether Perplexity uses a tool (the Assistant) to 'access' Amazon's computers." *Id.* The panel qualified its conclusion that Perplexity did not use the Comet AI agent to access Amazon's password-protected spaces: "[o]n the facts before us." *Id.*

The panel limited its decision to the preliminary-injunction record and expressly reserved whether "on a different record or new facts, Perplexity may exercise control over the Assistant in such a way as to gain entry to Amazon's servers." It further cabined its holding as "limited . . . to the Assistant's interactions with Amazon.com on the record before us" and "applie[d] to the state of technology only as presented in the filings in this case."[1] *Id.* at 1091–92. Although neither party had raised the possibility that Perplexity might be liable under additional theories, the panel noted that it did "not address whether in other contexts, including tort claims, Perplexity can avoid liability for the Assistant's actions." *Id.* at 1092.

Amazon's FAC—filed on September 21— elaborates on Amazon's claims and pleads facts the Ninth Circuit did not have before it, several of which postdate the preliminary-injunction record. The FAC alleges that Perplexity's servers control each action the Comet AI agent performs inside password-protected Amazon pages. FAC ¶¶ 35, 37. It alleges that when a user asked the Comet AI agent only to "shop for AA batteries" and then "order for me," the agent navigated to the Amazon Store, applied the user's stored credentials, and clicked through to checkout—all without

[1] The state of agentic AI technology is changing at an extraordinary pace. Since the Ninth Circuit ruled on August 4, 2026, evidence of the autonomy AI agents exercise, and the risks they present, has been widely reported. *See, e.g.*, OpenAI, *The Hugging Face Incident and the Road Ahead* (Aug. 26, 2026), https://openai.com/index/hugging-face-incident-and-the-road-ahead/ (disclosing that OpenAI's agents "circumvented controls designed to isolate them from the internet," "communicated through unauthorized channels," and "accessed third-party systems," including Hugging Face's, and describing the incident as evidence that "highly capable AI agents are now able to work around technical controls, collaborate through unapproved channels, and take dangerous actions that no human directed").

the user even mentioning Amazon. *Id.* ¶ 36. It alleges that Perplexity's engineers direct the agent into Amazon accounts to build and test it. *Id.* ¶¶ 39–40. And it alleges that on Comet for iOS, Perplexity accesses Amazon's servers directly. *Id.* ¶¶ 66–68, 93; *see Amazon.com Servs.*, 184 F.4th at 1091. The FAC also adds a claim that Perplexity improperly induces Amazon customers to violate Amazon's Conditions of Use and Agent Terms for Perplexity's benefit. FAC ¶¶ 109–120. Perplexity's motion to dismiss the original complaint was denied as moot, and its response to the FAC is due October 13, 2026. Dkts. 124, 125.

### D. Perplexity Refused to Respond to Amazon's Discovery Requests

On August 13 and 20, 2026, Perplexity served its responses to Amazon's Amended First Discovery Set and the Second Discovery Set. McLain Decl. Exs. 2–6. The Amended First Discovery Set responses open with General Objection 1, which the Second Discovery Set responses incorporate by reference. It reads in full:

> Perplexity maintains that any further discovery on Amazon's CFAA and CDAFA claims would be overly broad, unduly burdensome, and disproportionate to the needs of the case in light of the Ninth Circuit's recent precedential decision in *Amazon.com Services, LLC v. Perplexity AI, Inc.*, __ F.4th __, 2026 WL 2237587 (9th Cir. Aug. 4, 2026), which establishes that those claims fail as a matter of law.

*Id.* Ex. 2 at 2:2–6; *see also id.* Exs. 4 at 1:19–21, 5 at 1:19–21, 6 at 2:3–7. Each response at issue then states that, "[i]n accordance with General Objection 1, Perplexity will not respond" to the request "at this time." *Id.* Exs. 2 at 8:22–23, 3 at 9:13–14, 4 at 5:7–8, 5 at 3:8–9, 6 at 4:1–2.

Perplexity has produced no documents in response to any of Amazon's 36 requests for production. While Perplexity has answered some Interrogatories and Requests for Admission in its responses and objections on June 15, it has refused to answer, or to answer further, six of the ten interrogatories in Amazon's Amended First Discovery Set and the sole interrogatory in the Second Discovery Set, including the two interrogatories at issue here—Amended Interrogatory 1 and Interrogatory 11. *Id.* Exs. 3, 5. And Perplexity has refused to answer any of the 23 requests for admission in the Second Discovery Set. *Id.* Ex. 6.

The parties met and conferred on October 1 regarding both discovery sets. McLain Decl. ¶ 9. On October 5, Perplexity proposed what it called a compromise: it would serve supplemental answers to Interrogatories 1, 3, 4, and 9 and Requests for Admission 34 and 35 by October 30, provided that Amazon agreed not to use the answers in opposing Perplexity's anticipated motion to dismiss, and that neither party file any discovery motion before the November 20 hearing Perplexity intends to notice for that motion. *Id.* Ex. 7 at 3–4. Amazon declined Perplexity's de facto discovery stay. But Amazon offered to defer every discovery dispute until after the November 20 hearing if Perplexity answered the interrogatories and requests for admission it had already offered to answer, plus Interrogatory 11 and produced documents for Requests for Production 18 and 35. *Id.* at 2. Perplexity rejected that proposal on October 6. *Id.* at 1.

Amazon has limited this motion to the requests that matter most: three requests for production (1, 18, and 35), two interrogatories (Nos. 1 and 11), and six requests for admission (Nos. 22 through 27).[2] Each was the subject of the parties' conferral, and Perplexity has refused each of them under General Objection 1. The operative text of each request and Perplexity's response is set out below.

## IV. LEGAL STANDARD

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A party may move to compel an answer or production when a responding party "fails to answer an interrogatory" or "fails to produce documents," and "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv), (a)(4). A requesting party "may move to determine the sufficiency of an answer or objection" to a request for admission; "[u]nless the court finds an objection justified, it must order that an answer be served," and on finding an answer noncompliant "the court may order

[2] Perplexity has also invoked General Objection 1 to refuse to respond (or further respond) to numerous requests in Amazon's Amended First and Second Discovery Sets. That refusal is improper for the same reasons set out in this motion. By moving now on a subset of requests, Amazon does not concede the sufficiency of any of Perplexity's responses or the validity of any of its objections. Amazon reserves the right to move to compel further responses to the remaining requests, including after the Court resolves this motion.

either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6). The party resisting discovery bears the burden of showing why it should not be allowed. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (party seeking to prevent discovery bears a "heavy burden").

## V. ARGUMENT

### A. Perplexity May Not Stay Discovery Without a Court Order (And No Order Is Warranted)

The Court has ordered discovery to move forward. Dkts. 106, 107. Perplexity nevertheless refuses to produce the discovery at issue, declaring that it "will not respond to this Request at this time." McLain Decl. Ex. 4 at 5:7–8. Perplexity's objection, together with its refusal to participate in discovery based on its anticipated motion to dismiss, is functionally a unilateral grant of a stay. But Perplexity's objections and anticipated motion to dismiss cannot substitute for or override this Court's order. "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Gray*, 133 F.R.D. at 40; *accord Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995) (denying stay and ordering responses within 72 hours); *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) ("[A] pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery."). To the contrary, "unless [a party] has obtained a court order that postpones or dispenses with his duty to appear, that duty remains," and "[u]nder the Rules, it is for the court, not the deponent or his counsel, to relieve him of the duty." *Pioche Mines*, 333 F.2d at 269. Perplexity has no such order. Perplexity's duty to respond therefore remains exactly what it was before Perplexity unilaterally decided otherwise.

### B. Perplexity Cannot Justify a Discovery Stay

A discovery stay requires good cause and a "strong showing" that meets the movant's "heavy burden." *Gray*, 133 F.R.D. at 40; Fed. R. Civ. P. 26(c). The need for protection must be "particular and specific"; "[i]dle speculation does not satisfy Rule 26(c)'s good cause requirement." *Gray*, 133 F.R.D. at 40; *see also Skellerup*, 163 F.R.D. at 600–01. Moreover, a two-part test

controls whether staying discovery pending resolution of a dispositive motion is appropriate. First, the pending motion must be potentially dispositive of the entire case, or at least dispositive of the issue to which the discovery is directed. Second, the pending motion must be capable of decision without additional discovery. *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003). "[I]f either prong of this test is not established, discovery proceeds." *Id.* Courts take a "'preliminary peek' at the merits of the pending dispositive motion" to assess those requirements. *Carter v. Oath Holdings Inc.*, 2018 WL 3067985, at *4 (N.D. Cal. June 21, 2018). This preliminary peek is not a prediction about which side has the better argument, but rather an inquiry as to whether the court is "'convinced that the plaintiff will be unable to state a claim for relief.'" *Tavantzis v. Am. Airlines, Inc.*, 2024 WL 812012, at *1 (N.D. Cal. Feb. 23, 2024) (quoting *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002)). A motion that raises "contested issues" does not meet that standard. *Id.* at *2 (denying stay). Likewise, a motion fails that standard if "it is not clear whether [the movant] is likely to prevail on the motion and whether leave to amend would be denied." *SVB Fin. Grp. v. FDIC*, 2024 WL 1898439, at *3 (N.D. Cal. Apr. 29, 2024) (denying stay).

Perplexity cannot make that "strong showing," carry its "heavy burden," or satisfy the two-part test. Even when Perplexity files its Rule 12(b)(6) motion, Perplexity must establish that Amazon "'will be *unable* to state a claim for relief.'" *Tavantzis*, 2024 WL 812012, at *1 (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)). But the Ninth Circuit's opinion provides a roadmap to how Amazon may state a claim against Perplexity. It held that "access" means gaining entry to a computer system, that the CFAA "contemplates access by a person"—such as a corporation like Perplexity. *Amazon.com Servs.*, 184 F.4th at 1091. It also rejected Perplexity's attempt to shift the focus away from itself and to its AI agent, echoing this Court in explaining that an AI assistant is "a tool, not a person for statutory purposes." *Id.*; *see also* Dkt. 85 at 71:3–4 ("Comet on behalf of Perplexity because Comet is just a thing."). By contrast, the panel's conclusion that Amazon had not shown access by Perplexity was confined to the preliminary record. The panel expressly reserved whether additional or different facts would show that

Perplexity controls the Comet AI agent in a way that gains entry to Amazon's servers and limited its ruling to the technology presented in the filings. *Id.* at 1091–92.

Developing those facts is exactly the point of discovery after the preliminary-injunction phase. A party need not prove its case in full at a preliminary-injunction hearing, and findings and conclusions at that stage "are not binding at trial on the merits." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). The fully developed record "may be materially different" from the limited preliminary record. *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 722 (9th Cir. 1983). Although pure legal rulings may bind later proceedings, the district court must "apply th[e] law to the facts anew with consideration of the evidence presented in the merits phase." *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. USDA*, 499 F.3d 1108, 1114 (9th Cir. 2007).

The FAC alleges server-directed actions, agent-initiated entry into Amazon, employee-directed access, and direct iOS access using copied authentication cookies. FAC ¶¶ 35–40, 66, 93. Those allegations address the access and control questions the Ninth Circuit reserved. *Amazon.com Servs.*, 184 F.4th at 1091–92. Amazon's targeted discovery seeks to fully develop those facts beyond what it has already pleaded in the FAC. Perplexity therefore cannot satisfy the first prong of the test because even if Perplexity's anticipated motion identified some pleading deficiency, any such deficiency would be curable by amendment, which is not a showing that Amazon "will be unable to state a claim for relief." *See Meta Platforms, Inc. v. Voyager Labs Ltd.*, 2023 WL 4828007, at *2 (N.D. Cal. July 26, 2023) (denying stay in action asserting CFAA and CDAFA claims where defendant's asserted "repeated, fundamental failures" in the complaint "appear[ed] more suited to cure by amendment, if necessary, rather than outright dismissal with prejudice").

What is more, the FAC pleads an entirely new claim that the Ninth Circuit identified as open to Amazon—tortious interference with contractual relations. FAC ¶¶ 109–120; *Amazon.com Servs.*, 184 F.4th at 1092 ("We do not address whether in other contexts, including tort claims, Perplexity can avoid liability for the Assistant's actions."). That claim turns on different elements, such as Perplexity's "knowledge" of Amazon's Conditions of Use and Agent Terms and its "intentional acts designed to induce a breach or disruption" of them, *Pac. Gas & Elec. Co. v. Bear*

*Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990). None of those elements depends on whether Perplexity "accesses" a computer. Perplexity's General Objection 1 reaches only "Amazon's CFAA and CDAFA claims," McLain Decl. Exs. 2 at 2:2–6, 3 at 2:2–6, so even on Perplexity's theory, its motion could not dispose of "the entire case," and it could not dispose of "the issue to which the discovery is directed" either, because the same discovery into how Perplexity directs the agent and what notice it received also goes to Amazon's tortious-interference claim. *Pac. Lumber*, 220 F.R.D. at 352; *see In re Nexus 6P Prods. Liab. Litig.*, 2018 WL 3036734, at *2 (N.D. Cal. June 19, 2018) (lifting stay where motions to dismiss did "not appear to be potentially case dispositive or even dispositive on the issue at which discovery is directed").

At bottom, Perplexity has not made the strong showing required for a stay. *See Tavantzis*, 2024 WL 812012, at *2 (denying stay after a preliminary peek revealed contested issues preventing a finding that the motion was potentially dispositive). And any motion to dismiss will not be case dispositive or allow the Court to make such a determination without additional discovery.

### C. The Court Should Compel the Targeted Discovery at Issue

The discovery at issue is limited to three requests for production, two interrogatories, and six requests for admission that are all directed to the factual questions the Ninth Circuit left open—Perplexity's control over the Comet AI agent, direct server-to-server access on Comet for iOS, and the logs most probative of access and control.

#### *1. Perplexity Agreed to Provide Request for Production 1 and Interrogatory 1 Discovery*

On July 8, Perplexity's counsel proposed (and Amazon accepted) the Amended Request for Production 1. *See* McLain Decl. Ex. 1 at 3–4. Amazon's request and Perplexity's response read as follows:

**<u>REQUEST FOR PRODUCTION NO. 1 (AS AMENDED):</u>**

> DOCUMENTS sufficient to show (a) how the COMET AI AGENT accesses the AMAZON STORE, (b) what information the COMET AI AGENT obtains from the AMAZON STORE, (c) how the COMET AI AGENT obtains authorization for access to the AMAZON STORE (if any), and (d) any notice to PERPLEXITY regarding access to the AMAZON STORE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

> Perplexity incorporates by reference all of its General Objections. In particular, Perplexity objects to the definition of "COMET AI AGENT" for the reasons set forth in the General Objections. Perplexity also objects that this Request is overly broad, unduly burdensome, and seeks discovery that is not relevant to this matter and proportional to the needs of the case. Perplexity also objects to this Request to the extent it seeks confidential and proprietary business information and/or trade secrets of Perplexity. Subject to and without waiving these and other appropriate objections, Perplexity responds as follows: In accordance with General Objection 1, Perplexity will not respond further to this Request at this time. Perplexity remains willing to meet and confer about the relevance and appropriate scope of this Request, as well as about the appropriateness of any discovery at this point in the litigation.

Perplexity proposed the language in this request, which seeks evidence that is highly probative of Amazon's CFAA and CDAFA claims. Moreover, any notice to Perplexity about the Comet AI agent's access to the Amazon Store goes to Perplexity's knowledge of the Conditions of Use and Agent Terms that Count Three alleges Perplexity induced Amazon's customers to breach. FAC ¶¶ 109–20; *see Pac. Gas*, 50 Cal. 3d at 1126 (defendant's knowledge of the contract is an element of interference).

The request seeks only documents "sufficient to show" four defined topics, in language Perplexity chose. And only Perplexity has the documents that show how its product works. On October 5, Perplexity suggested that "Amazon's questions can likely be answered by documents already in the record," pointing to the declaration of its Chief Technology Officer, Dzianis Yarats ("Yarats Declaration"). McLain Decl. Ex. 7 at 4; *see* Dkt. 35-2. But a declaration prepared for litigation only characterizes Perplexity's documents, and Amazon is entitled to test that characterization, particularly when the Ninth Circuit decided the access question on that preliminary record and expressly reserved whether a different record would change the result. *Amazon.com Servs.*, 184 F.4th at 1091. The Court should order production.

Perplexity also negotiated for narrowed language in Interrogatory 1. When Amazon accepted Perplexity's proposal, Perplexity agreed to "work with technical personnel at Perplexity

to respond to" the interrogatories as reformulated, including Interrogatory 1. McLain Decl. Ex. 1 at 5. It did not do so. Instead, it responded to the below request as follows:

**INTERROGATORY NO. 1 (AS AMENDED):**

> Describe in detail the complete technical process by which the COMET AI AGENT operates from the moment the user issues the prompt through the completion of that instruction during each of the following three scenarios: (1) a user prompt to "order a pack of paper towels"; (2) a user prompt to "visit amazon.com and show me my recent orders"; and (3) a user prompt to "summarize this page" while the user is on a browsing-history page. For each scenario, include (a) each step at which the COMET AI AGENT communicates with PERPLEXITY'S SERVERS; (b) the nature and content of each such communication, including the specific data contained in any communication between the COMET AI AGENT and PERPLEXITY'S SERVERS; (c) each step at which the COMET AI AGENT interacts with AMAZON'S servers or webpages; (d) the role of PERPLEXITY'S SERVERS in processing, analyzing, or directing the COMET AI AGENT'S actions on the AMAZON STORE; and (e) what PERPLEXITY'S code does in response to the prompt.

**RESPONSE TO INTERROGATORY NO. 1:**

> Perplexity incorporates by reference all of its General Objections. In particular, Perplexity objects to the definitions of "COMET AI AGENT," "AMAZON STORE," "PERPLEXITY'S SERVERS," and "AMAZON" for the reasons set forth in the General Objections. Perplexity objects that this Interrogatory seeks information duplicative or cumulative of information already furnished to Plaintiff. Perplexity also objects that this Interrogatory is vague and ambiguous, including in its use of the undefined terms "browsing-history page," "complete technical process," "nature and content of each such communication," and "interacts with AMAZON's servers or webpages." Perplexity also objects to the use of the latter term to the extent it implies or assumes, or seeks to require Perplexity to admit, a contested conclusion of fact or law. For avoidance of doubt, Perplexity will interpret the term "interacts with AMAZON's servers or webpages" as encompassing actions taken by the Assistant while an Amazon page is displayed on the Comet browser on a user's device. *See* Decl. of Dzianis Yarats ¶ 17, Dkt. 35-2. Perplexity maintains such actions violate no laws and rejects any contrary conclusion implied or assumed by this Interrogatory. Perplexity also expressly denies that Perplexity's servers ever "interact with AMAZON's servers." The Assistant only undertakes actions at the direction of human users, but even to the extent the Assistant might be deemed in any way to access Amazon's servers, Perplexity denies any implication that such access is attributable to Perplexity. Perplexity also objects to this Interrogatory to the extent it seeks discovery that constitutes confidential or proprietary business information and/or trade secrets of Perplexity. Subject to and without

> waiving these and other appropriate objections, Perplexity responds as follows: In accordance with General Objection 1, Perplexity will not respond further to this Interrogatory at this time. Perplexity remains willing to meet and confer about the relevance and appropriate scope of this Interrogatory, as well as about the appropriateness of any discovery at this point in the litigation.

Interrogatory 1 seeks the Comet AI agent's technical process, the data transmitted to Perplexity's servers, and its use and retention in three discrete scenarios that Amazon supplied to address Perplexity's objection. This interrogatory seeks information to show who (or what) chooses to navigate the Comet AI agent to the Amazon Store—Perplexity or the user—and what Perplexity's servers do to get the agent there. *See* FAC ¶ 36. Thus, Interrogatory 1 goes directly to the question the panel reserved: whether Perplexity "exercise[s] control over the Assistant in such a way as to gain entry to Amazon's servers." *Amazon.com Servs.*, 184 F.4th at 1091. The Court should order complete, verified answers.

*2. Requests for Production 18 and 35 Seek Evidence of Perplexity's Control over the Comet AI Agent*

The Ninth Circuit specifically focused on "whether Perplexity uses a tool (the Assistant) to 'access' Amazon's computers." *Amazon.com Servs.*, 184 F.4th at 1091. These two requests for production seek records that answer the Ninth Circuit's query.

Request for Production 18 seeks the logs Perplexity's own systems generate when the Comet AI agent communicates with Amazon's password-protected pages:

**<u>REQUEST FOR PRODUCTION NO. 18:</u>**

> All server logs, network traffic logs, API call logs, or other system records RELATING TO communications between the COMET AI AGENT (whether operating on a user's device or through PERPLEXITY'S SERVERS) and the PASSWORD-PROTECTED SPACES on the AMAZON STORE during the RELEVANT PERIOD, for no fewer than five sessions per calendar month in each of the following categories: (a) sessions in which the COMET AI AGENT operated on an android device; (b) sessions in which the COMET AI AGENT operated on an iOS device; and (c) sessions in which the COMET AI AGENT navigated to or interacted with the PASSWORD-PROTECTED SPACES on the AMAZON STORE without the user having affirmatively navigated to the PASSWORD-PROTECTED SPACES during that session.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

> Perplexity incorporates by reference all of its General Objections. In particular, Perplexity objects to the definitions of "COMET AI AGENT," "PERPLEXITY'S SERVERS," "PASSWORD PROTECTED SPACES," and "AMAZON STORE" for the reasons set forth in the General Objections. Perplexity also objects to this Request as overbroad, unduly burdensome, and seeking discovery that is not relevant to this matter and proportional to the needs of the case. Perplexity also objects to this Request to the extent it seeks information that constitutes confidential business information or trade secrets of Perplexity or any other individual or entity. Subject to these and other appropriate objections, Perplexity responds as follows: In accordance with General Objection 1, Perplexity will not respond to this Request at this time. Perplexity is willing to meet and confer regarding the relevance and appropriate scope of this Request, as well as the appropriateness of any discovery at this point in the litigation.

These logs are direct evidence of the facts the panel said were not before it. If requests to password-protected pages in the Amazon Store came from Perplexity's servers during iOS sessions, the logs will show it. If the agent went to those pages in sessions where the user never asked it to, the logs will show that too. Request for Production 18 thus bears directly on whether Perplexity, rather than the user, decides where the agent goes and accesses the Amazon Store.

This request is limited to five sessions per month. Beyond General Objection 1 and boilerplate objections, Perplexity objects only to Amazon's defined terms—the same terms Perplexity has answered for months—and to confidentiality, which the Protective Order addresses. Dkt. 112. The Court should order Perplexity to produce the sample in the format provided by the ESI Order. Dkt. 110.

Request for Production 35 asks Perplexity to show which of the agent's actions on the Amazon Store its servers decide and how.

**REQUEST FOR PRODUCTION NO. 35:**

> DOCUMENTS sufficient to show which of the COMET AI AGENT's actions (including navigation, selection of pages, and interactions with page elements) on the AMAZON STORE are determined, generated, planned, prioritized, or directed by PERPLEXITY'S SERVERS, including the role of any server-side models in planning or selecting the COMET AI AGENT's actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

> Perplexity incorporates by reference all of its General Objections. In particular, Perplexity objects to the definitions of "PERPLEXITY'S SERVERS," "COMET AI AGENT," and "AMAZON STORE" for the reasons set forth in the General Objections. Perplexity also objects to this Request as overbroad, unduly burdensome, and seeking discovery that is not relevant to this matter and proportional to the needs of the case. Perplexity also objects to this request as vague and ambiguous, including in its use of the undefined terms "determined, generated, planned, prioritized, or directed" and "server-side models." Perplexity also objects to this Request to the extent it purports to require disclosure of documents or information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or protection. Perplexity also objects to this Request to the extent it seeks information that constitutes confidential business information or trade secrets of Perplexity or any other individual or entity. Subject to these and other appropriate objections, Perplexity responds as follows: In accordance with General Objection 1, Perplexity will not respond to this Request at this time. Perplexity is willing to meet and confer regarding the relevance and appropriate scope of this Request, as well as the appropriateness of any discovery at this point in the litigation.

Thus, Request for Production 35 addresses the Ninth Circuit's central factual question. If Perplexity chooses the pages the agent visits, the elements it clicks, and the order in which it acts, then Perplexity uses the Comet AI agent as a tool to access the Amazon Store. *See Amazon.com Servs.*, 184 F.4th at 1091. And this request seeks documents "sufficient to show" the answer, not every document touching the agent's design.

Perplexity calls "determined, generated, planned, prioritized, or directed" and "server-side models" vague, yet uses the same concepts to describe its product. Its Chief Technology Officer stated that the Assistant "communicates with Perplexity's servers as necessary to process natural language instructions and determine appropriate actions." Dkt. 35-2 ¶ 19. Its interrogatory answer states that its servers "communicat[e] to the Assistant regarding how to implement such user instructions." McLain Decl. Ex. 8 at 9:18–21. Perplexity cannot use those concepts and then profess not to understand them in discovery. Nor do trade-secret concerns justify withholding documents: the Protective Order governs confidential technical information. Dkt. 112. The Court should compel production.

*3. Interrogatory 11 and Requests for Admission 22–27 Seek Evidence of Direct Access on Comet for iOS*

Interrogatory 11 and Requests for Admission 22–27 focus specifically on Comet for iOS, which Amazon alleges directly accesses password-protected areas of the Amazon Store from Perplexity's cloud servers. Perplexity objects that Comet for iOS is "an irrelevant product released after Amazon initiated this lawsuit." McLain Decl. Ex. 6 at 3:22–23. But relevance is measured against the claims and defenses pleaded, Fed. R. Civ. P. 26(b)(1), and the FAC pleads Comet for iOS as one basis for liability. Perplexity launched the product on March 18, 2026, after the preliminary-injunction record was set. FAC ¶ 66. Perplexity's iOS sessions then repeatedly accessed the Amazon Store from Perplexity-controlled servers until at least May 11. *Id.* During those same weeks, Perplexity told the Ninth Circuit that "no Perplexity computer ever has direct access to an Amazon computer."[3] *Id.* ¶ 67. The Ninth Circuit's access analysis was necessary only because it accepted Perplexity's representation "that Perplexity itself does not directly communicate with Amazon's servers." *Amazon.com Servs.*, 184 F.4th at 1091. On Comet for iOS, no such question arises, because Perplexity's own servers access Amazon's servers directly. FAC ¶ 66.

Interrogatory 11 asks Perplexity to identify each configuration of Comet in which the agent's interaction with the Amazon Store runs on Perplexity's servers rather than on the user's device:

**INTERROGATORY NO. 11:**

> Identify and describe in detail each configuration, mode, setting, or feature of the COMET browser or COMET AI AGENT in which any interaction with the AMAZON STORE is executed on PERPLEXITY'S SERVERS rather than solely on the user's device (including any "virtual cloud browser" or "cloud agent"). For each, describe: (a) when it is used and whether it operates by default; (b) the operating systems and platforms (including iOS) on which it operates; (c) the data (including cookies, session tokens, or authentication credentials) transmitted from the user's device to PERPLEXITY'S SERVERS to enable it; and (d) whether requests to

[3] Although Perplexity represented that it had "temporarily disabled the assistant feature on Amazon.com in Comet for iOS," McLain Decl. Ex. 9, nothing prevents Perplexity from re-accessing Amazon's protected computers through the agent in Comet for iOS.

> the AMAZON STORE originate from PERPLEXITY'S SERVERS or the user's device.

**RESPONSE TO INTERROGATORY NO. 11:**

> Perplexity incorporates by reference all of its General Objections. In particular, Perplexity objects to the definitions of "COMET AI AGENT," "AMAZON STORE," and "PERPLEXITY'S SERVERS" for the reasons set forth in the General Objections. Perplexity objects that this Interrogatory seeks information duplicative or cumulative of information already furnished to Plaintiff. Perplexity also objects that this Interrogatory is vague and ambiguous, including in but not limited to its use of the undefined terms "virtual cloud browser," "cloud agent," and "session tokens." Perplexity also objects to this Interrogatory to the extent it implies or assumes, or seeks to require Perplexity to admit, a contested conclusion of fact or law. Perplexity also objects to this Interrogatory to the extent it seeks discovery that constitutes confidential or proprietary business information and/or trade secrets of Perplexity. Perplexity also objects to this Interrogatory as compound, overbroad, unduly burdensome, not permitting sufficient time to respond, and seeking discovery that is not relevant to the subject matter of this action and proportional to the needs of the case. Perplexity also objects to this Interrogatory to the extent it calls for or requires expert testimony, the creation of new documents or information, or information not within Perplexity's present, possession, custody, or control. Perplexity further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, doctrine, or protection. Subject to and without waiving these and other appropriate objections, Perplexity responds as follows: In accordance with General Objection 1, Perplexity will not respond to this Interrogatory at this time. Perplexity remains willing to meet and confer about the relevance and appropriate scope of this Interrogatory, as well as about the appropriateness of any discovery at this point in the litigation.

Each part of the interrogatory goes to an element of Amazon's claims. Whether requests to Amazon originate from Perplexity's servers bears on whether Perplexity itself accesses Amazon's computers. Whether Perplexity's servers receive customers' authentication cookies and session tokens goes to authorization because it shows whether Perplexity enters Amazon using credentials Amazon issued to someone else. Perplexity has never answered these questions. Amazon is entitled to an answer that does.

Requests for Admission 22 through 27 break the same subject—fundamental questions about Comet for iOS—into six discrete facts:

**REQUEST FOR ADMISSION NO. 22:**

Admit that, on an iOS device using the COMET AI AGENT's default model and settings, a user's web-browsing request may be handled by a virtual cloud browser that runs on PERPLEXITY'S SERVERS rather than on the user's device.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Perplexity incorporates by reference all of its General Objections. In particular, Perplexity objects to the definitions of "COMET AI AGENT" and "PERPLEXITY'S SERVERS" for the reasons set forth in the General Objections. Perplexity also objects to the undefined terms "iOS device" and "default model and settings" as vague and ambiguous and to the extent those terms imply or assume any disputed conclusions of fact or law. Perplexity further objects to the extent this Request seeks information that constitutes confidential or proprietary business information and/or trade secrets of Perplexity or any third party. Perplexity further objects to this Request to the extent it asks about an irrelevant product released after Amazon initiated this lawsuit. Perplexity further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, doctrine, or protection. Subject to and without waiving these and other appropriate objections, Perplexity responds as follows: In accordance with General Objection 1, Perplexity will not respond to this Request at this time. Perplexity remains willing to meet and confer about the relevance and appropriate scope of this Request, as well as about the appropriateness of any discovery at this point in the litigation.

**REQUEST FOR ADMISSION NO. 23:**

Admit that PERPLEXITY informs users of the COMET AI AGENT on iOS that requests "will be handled by a virtual cloud browser" that "will navigate the web on its own and report back with updates along the way" as described by Perplexity's popup dialog message to users when using the COMET AI AGENT on iOS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Perplexity incorporates by reference all of its General Objections. In particular, Perplexity objects to the definitions of "PERPLEXITY" and "COMET AI AGENT" for the reasons set forth in the General Objections. Perplexity also objects to the undefined term "iOS" and "popup dialog message" as vague and ambiguous. Perplexity also objects to this Request to the extent it implies or assumes, or requires Perplexity to admit, disputed conclusions of fact or law, or any implication or inference that Plaintiff seeks to draw from each quoted

statement. Perplexity further objects to this Request to the extent it asks about an irrelevant product released after Amazon initiated this lawsuit. Perplexity further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, doctrine, or protection. Subject to and without waiving these and other appropriate objections, Perplexity responds as follows: In accordance with General Objection 1, Perplexity will not respond to this Request at this time. Perplexity remains willing to meet and confer about the relevance and appropriate scope of this Request, as well as about the appropriateness of any discovery at this point in the litigation.

**REQUEST FOR ADMISSION NO. 24:**

Admit that, when the COMET AI AGENT handles a user's request using a virtual cloud browser, cookies stored on the user's device, including authentication cookies and session tokens, are transmitted from the user's device to PERPLEXITY'S SERVERS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Perplexity incorporates by reference all of its General Objections. In particular, Perplexity objects to the definitions of "COMET AI AGENT" and "PERPLEXITY'S SERVERS" for the reasons set forth in the General Objections. Perplexity also objects to the undefined term "authentication cookies" and "session tokens" as vague and ambiguous. Perplexity also objects to this Request as compound. Perplexity further objects to this Request to the extent it asks about an irrelevant product released after Amazon initiated this lawsuit. Perplexity further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, doctrine, or protection. Subject to and without waiving these and other appropriate objections, Perplexity responds as follows: In accordance with General Objection 1, Perplexity will not respond to this Request at this time. Perplexity remains willing to meet and confer about the relevance and appropriate scope of this Request, as well as about the appropriateness of any discovery at this point in the litigation.

**REQUEST FOR ADMISSION NO. 25:**

Admit that, when PERPLEXITY'S virtual cloud browser navigates to the AMAZON STORE to carry out a user's request, that request to the AMAZON STORE is transmitted from PERPLEXITY'S SERVERS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Perplexity incorporates by reference all of its General Objections. In particular, Perplexity objects to the definition of "PERPLEXITY," "AMAZON STORE," and "PERPLEXITY'S SERVERS" for the reasons set forth in the General Objections. Perplexity further objects to the undefined terms "navigates" as vague and ambiguous and to the extent those terms imply or assume any disputed conclusions of fact or law. Perplexity further objects to the undefined terms "a user's request" and "that request to the AMAZON STORE" to the extent it implies or assumes, or seeks to require Perplexity to admit, a contested conclusion of fact or law. Perplexity also objects to this Request to the extent it implies or assumes, or requires Perplexity to admit, disputed conclusions of fact or law, or any implication or inference Plaintiff seeks to draw from the quoted statement. Perplexity further objects to this Request to the extent it asks about an irrelevant product released after Amazon initiated this lawsuit. Perplexity further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, doctrine, or protection. Subject to and without waiving these and other appropriate objections, Perplexity responds as follows: In accordance with General Objection 1, Perplexity will not respond to this Request at this time. Perplexity remains willing to meet and confer about the relevance and appropriate scope of this Request, as well as about the appropriateness of any discovery at this point in the litigation.

**REQUEST FOR ADMISSION NO. 26:**

Admit that, for a user who has stored authentication cookies or session tokens on the user's device, PERPLEXITY'S virtual cloud browser can use them to access the user's account or PASSWORD-PROTECTED SPACES of the AMAZON STORE from PERPLEXITY'S SERVERS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Perplexity incorporates by reference all of its General Objections. In particular, Perplexity objects to the definitions of "PERPLEXITY," "PASSWORD-PROTECTED SPACES," "AMAZON STORE," and "PERPLEXITY'S SERVERS" for the reasons set forth in the General Objections. Perplexity also objects to the undefined terms "authentication cookies" and "session tokens" as vague and ambiguous. Perplexity also objects that this Request seeks discovery that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Perplexity further objects to this Request to the extent it asks about an irrelevant product released after Amazon initiated this lawsuit. Perplexity further objects to this Request as compound. Perplexity further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable

privilege, doctrine, or protection. Subject to and without waiving these and other appropriate objections, Perplexity responds as follows: In accordance with General Objection 1, Perplexity will not respond to this Request at this time. Perplexity remains willing to meet and confer about the relevance and appropriate scope of this Request, as well as about the appropriateness of any discovery at this point in the litigation.

**REQUEST FOR ADMISSION NO. 27:**

Admit that, when the COMET AI AGENT carries out a task on the AMAZON STORE using PERPLEXITY'S virtual cloud browser, PERPLEXITY'S SERVERS transmit requests to, and receive data from, the servers that host the AMAZON STORE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Perplexity incorporates by reference all of its General Objections. In particular, Perplexity objects to the definitions of "COMET AI AGENT," "AMAZON STORE," "PERPLEXITY," and "PERPLEXITY'S SERVERS" for the reasons set forth in the General Objections. Perplexity further objects to the undefined terms "task," "requests," "data" and "servers" as vague and ambiguous and to the extent that these terms imply or assume any disputed conclusions of fact or law. Perplexity further objects to this Request to the extent it asks about an irrelevant product released after Amazon initiated this lawsuit. Perplexity further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, doctrine, or protection. Subject to and without waiving these and other appropriate objections, Perplexity responds as follows: In accordance with General Objection 1, Perplexity will not respond to this Request at this time. Perplexity remains willing to meet and confer about the relevance and appropriate scope of this Request, as well as about the appropriateness of any discovery at this point in the litigation.

Rule 36 requires a party to admit, to deny, or to "state in detail why the answering party cannot truthfully admit or deny," and "[u]nless the court finds an objection justified, it must order that an answer be served." Fed. R. Civ. P. 36(a)(4), (6). None of Perplexity's objections are justified. The terms it calls vague are ordinary technical words or Perplexity's own: the FAC defines authentication cookies, FAC ¶ 6, and Perplexity's own iOS notice uses "virtual cloud browser," *id.* ¶ 66. Each request asks about a single fact concerning a single feature. The Court should order answers to Requests 22 through 27 within fourteen days and should deem the matters admitted if Perplexity fails to serve compliant answers.

## VI. CONCLUSION

The Court should overrule General Objection 1 and order Perplexity (1) to serve complete, verified answers to Interrogatories 1 and 11 within fourteen days; (2) to begin producing documents responsive to Requests for Production 1, 18, and 35 within fourteen days and to substantially complete production within thirty days; and (3) to serve answers to Requests for Admission 22–27 within fourteen days, failing which the matters shall be deemed admitted.

Dated: October 12, 2026

HUESTON HENNIGAN LLP

By: ______________________
Moez M. Kaba
Christine Woodin
Hagan Scotten
Billy Joe McLain

*Attorneys for Plaintiff*
*AMAZON.COM SERVICES LLC*