MOEZ M. KABA
mkaba@hueston.com
D: 213.788.4543
T: 213 788 4340
F: 888 866 4825
523 West 6th Street
Suite 400
Los Angeles, CA 90014

HUESTON HENNIGAN LLP

October 23, 2026

Hon. Alex G. Tse, United States Magistrate Judge
United States District Court, Northern District of California
450 Golden Gate Avenue, Courtroom A – 15th Floor
San Francisco, CA 94102

**VIA ECF**

**RE:** ***Amazon.com Services LLC v. Perplexity AI, Inc.*****,**
**Case No. 3:25-cv-09514-MMC**
**Joint Discovery Letter re: Amazon's Motion to Compel Discovery (Dkt. 127)**

Dear Judge Tse:

Pursuant to the District Court's October 13, 2026 Order (Dkt. 128), Plaintiff Amazon.com Services LLC ("Amazon") and Defendant Perplexity AI, Inc. ("Perplexity") jointly submit this discovery letter regarding Amazon's Motion to Compel Discovery (Dkt. 127).

Counsel for the parties met and conferred in good faith by videoconference on July 1 and October 1, 2026, exchanged correspondence through October 7, 2026, and conferred again before filing this letter on October 16, 2026. The parties were unable to resolve the dispute. Each party sets forth its respective position and final compromise below. The parties have attached relevant exhibits, including those required by Your Honor's Civil Standing Order.

**<u>Amazon's Position</u>**

This case is about Perplexity using its Comet Assistant—an agentic AI agent—to access password-protected areas of the Amazon Store after Amazon repeatedly told Perplexity it was not allowed to do so. Amazon sued Perplexity in November 2025 under the Computer Fraud and Abuse Act ("CFAA") and California's Comprehensive Computer Data Access and Fraud Act ("CDAFA") and obtained a preliminary injunction, Dkt. 81, which the Ninth Circuit vacated on the preliminary record while leaving open whether a full record would show Perplexity could be liable for violating those statutes. *See Amazon.com Servs., LLC v. Perplexity AI, Inc.*, 184 F.4th 1083, 1091 (9th Cir. 2026).

Amazon moves to compel eleven requests: Requests for Production ("RFPs") 1, 18, and 35; Interrogatories ("ROGs") 1 and 11; and Requests for Admission ("RFAs") 22–27. Perplexity has refused each under "General Objection 1," which asserts that "any further discovery on Amazon's CFAA and CDAFA claims" is disproportionate because the Ninth Circuit's preliminary-injunction decision "establishes that those claims fail as a matter of law." Ex. 2 at 2:2–6. Each disputed response then recites that, "[i]n accordance with General Objection 1, Perplexity will not respond to this Request at this time." Ex. 4 at 5:7–8; *see also* Ex. 2 at 8:22–23; Ex. 3 at 9:13–14; Ex. 5 at 3:8–9; Ex. 6 at 4:1–2. Perplexity has produced no documents in response to any of Amazon's 36 RFPs, even though no court has stayed discovery. The District Court denied Perplexity's request to stay discovery pending appeal and set a February 12, 2027 discovery cutoff. *See* Dkts. 106, 107. And after the Ninth Circuit ruled, Perplexity again requested a discovery stay in the parties' Joint Status Report, which the District Court did not rule on. *See* Dkt. 115 at 3–5.

HUESTON HENNIGAN LLP

The requests Amazon is seeking to compel are narrowly tailored to address factual issues the Ninth Circuit left open. The Ninth Circuit vacated the preliminary injunction "[o]n the facts before us," holding only that Amazon had not shown on the preliminary record that Perplexity itself "accesses" Amazon's computers through its Comet Assistant. *Amazon.com Servs.*, 184 F.4th at 1091. The panel expressly reserved whether "on a different record or new facts, Perplexity may exercise control over the Assistant in such a way as to gain entry to Amazon's servers." *Id.* Amazon's First Amended Complaint ("FAC") pleads that different record: Perplexity's servers select each action the Assistant takes inside password-protected Amazon pages; the Assistant enters the Amazon Store when the user never mentioned Amazon; Perplexity's engineers direct the Assistant into Amazon accounts to build and test it; and on Comet for iOS—launched March 18, 2026, after the preliminary-injunction record closed—Perplexity's own cloud servers connect directly to Amazon's servers using customers' authentication cookies. *See* FAC ¶¶ 35–40, 66–68, 93. The FAC also adds a claim for tortious interference with Amazon's Conditions of Use, *id.* ¶¶ 109–20, which the Ninth Circuit did not consider.

Perplexity's pending motion to dismiss will not resolve this case. On October 13, Perplexity moved to dismiss the FAC and, in the same motion, to stay discovery. *See* Dkt. 129. A pending Rule 12(b)(6) motion does not stay discovery; a stay instead requires a "strong showing" of good cause. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.") "[A] pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 352 (N.D. Cal. 2003). Perplexity cannot make that showing. Indeed, the "disposition of appeals from most preliminary injunctions provides little guidance on the appropriate resolution of the merits." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 724 (9th Cir. 1983). The panel declined to "establish a new legal regime governing agentic AI," and confined its opinion to "the state of technology only as presented in the filings in this case." *Amazon.com Servs.*, 184 F.4th at 1092. Those are not instructions to dismiss but an acknowledgment that the answer depends on the facts—and the FAC pleads the "different record" and "new facts" the panel left open. *Id.* at 1091. Moreover, the FAC adds a tortious-interference claim that the Ninth Circuit did not consider, but expressly flagged: "We do not address whether in other contexts, including tort claims, Perplexity can avoid liability for the Assistant's actions." *See Amazon.com Servs.*, 184 F.4th at 1092. Each discovery request seeks evidence that is highly probative of issues the Ninth Circuit left open for further factual development.

*RFP 1 and ROG 1* (Exs. 2–3). In a July 8 email, Perplexity proposed the operative language of RFP 1 and stated that if Amazon accepted it, Perplexity "will collect and produce non-privileged responsive documents." Ex. 1 at 4. Perplexity also agreed to "work with technical personnel at Perplexity to respond to" ROG 1 after Amazon narrowed it. *Id.* at 5. Amazon accepted Perplexity's compromise and served both. Ex. 1 at 2–3. Perplexity then refused to produce any documents or respond further. Ex. 2 at 8:22–23; Ex. 3 at 9:13–14; *see also* Ex. 7 at 3–4 (Oct. 5 email). RFP 1 seeks documents "sufficient to show" how the Assistant accesses the Amazon Store, what it obtains, how it is authorized, and what notice Perplexity received regarding the Amazon Store—the last of which goes to the knowledge element of the tortious-interference claim. ROG 1 asks Perplexity to describe the Assistant's technical process in three concrete scenarios, including what Perplexity's servers do to get the Assistant to Amazon's servers. That is precisely the question the panel reserved for factual development. *See Amazon.com Servs.*, 184 F.4th at 1091.

*RFPs 18 and 35* (Ex. 4). RFP 18 seeks Perplexity's own server, network, and API logs for a sample of five sessions per month in each of three categories: Android, iOS, and sessions in which the Assistant

HUESTON HENNIGAN LLP

entered password-protected pages without the user navigating there. If requests to Amazon came from Perplexity's servers, the logs will show it. RFP 35 seeks documents "sufficient to show" which of the Assistant's actions on Amazon are planned or directed by Perplexity's servers—the very question the Ninth Circuit framed. If Perplexity's servers choose the pages the Assistant visits and the elements it clicks, this is further evidence that Perplexity exercises control such that Perplexity "uses a tool (the Assistant) to 'access' Amazon's computers." *Amazon.com Servs.*, 184 F.4th at 1091.

*ROG 11 and RFAs 22–27* (Exs. 5–6). These requests concern Comet for iOS, which Perplexity dismisses as "an irrelevant product released after Amazon initiated this lawsuit," Ex. 6 at 3:22–23, but relevance is measured against the operative pleading, Fed. R. Civ. P. 26(b)(1), and the FAC pleads Comet for iOS as a basis for liability. *See* FAC ¶¶ 66–68, 93. ROG 11 asks Perplexity to identify each configuration where the Assistant's interaction with Amazon runs on Perplexity's servers rather than the user's device, and what credentials are transmitted to enable it. RFAs 22–27 break that subject into six single-fact admissions: that iOS requests may be handled by a "virtual cloud browser" on Perplexity's servers (22); that Perplexity tells users so (23); that user cookies and session tokens are sent to Perplexity's servers (24); that requests to Amazon issue from Perplexity's servers (25); that Perplexity's cloud browser can use stored credentials to reach password-protected pages (26); and that Perplexity's servers exchange data with Amazon's servers (27). Each goes to whether Perplexity's own servers "gain entry to Amazon's servers," and whether they do so with credentials Amazon issued to customers, not Perplexity. *See Amazon.com Servs.*, 184 F.4th at 1091.

Amazon's motion seeks limited discovery, consistent with the District Court's instruction at the May 15 case management conference that discovery not get "out of hand" while Perplexity's response to the complaint was pending. *See* Dkt. 129 at 6. Perplexity has filed its motion to dismiss, and fact discovery closes in under four months. Amazon's final proposed compromise is to defer all other discovery while that motion is pending, provided that, after the Court's order on this motion, Perplexity (1) provides verified answers to ROGs 1 and 11 within 14 days; (2) produces documents responsive to RFPs 1, 18, and 35, beginning within 14 days and substantially complete within 30 days; and (3) answers RFAs 22–27 within 14 days.

**Perplexity's Position**

***Introduction.*** The Court should deny Amazon's motion to compel because the Ninth Circuit's ruling dooms Amazon's FAC and renders its discovery requests irrelevant and disproportionate to the needs of the case. Perplexity's motion to dismiss the FAC ("MTD"), and to stay discovery pending the ruling on that motion (Dkt. 129), is pending before Judge Chesney and scheduled for hearing in less than a month. It is well-settled that district courts have broad discretion to stay discovery pending resolution of any dispositive motion to dismiss. *See In re Wells Fargo Mortg. Modification Litig.*, No. 24-cv-1358 (N.D. Cal. Sept. 30 & Oct. 20, 2025), Dkts. 120 and 123 (Chesney, J.) (vacating further briefing on motion to compel and granting motion to stay discovery pending resolution of motion to dismiss); *see also, e.g.*, *Wegner v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (district court "may stay discovery when it is convinced that the plaintiff will be unable to state a claim" (citation modified)); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of [Rule 12(b)(6)] is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.").

Here, there is not only a pending case-dispositive motion to dismiss, but one where the Ninth Circuit has already ruled that Amazon is ***unlikely to succeed*** on its claims. That ruling was premised on an expansive evidentiary record developed over months during the injunction phase of the case. There has been no discovery since the Ninth Circuit ruling—and thus no new "facts" that could allow Amazon to avoid the

HUESTON HENNIGAN LLP

Ninth Circuit's ruling through its FAC. Nor did the Ninth Circuit, on any fair reading of its opinion, invite Amazon to simply come up with "new facts" to address its ruling. Instead, the Ninth Circuit ruled (on an already well-developed record) that based on how Perplexity's Assistant operates, Perplexity is not violating Amazon's rights. This legal conclusion, based on the Ninth Circuit's reading of the CFAA's and CDAFA's "plain language," *Amazon.com Servs.*, 184 F.4th at 1091, binds the district court for the rest of the case, *see Ranchers Cattleman Action Legal Fund United Stockgrowers of Am. v. USDA*, 499 F.3d 1108, 1114 (9th Cir. 2007). To be sure, Amazon might be able to state a claim based on some ***other*** agentic AI tool that operates differently from the Assistant. But, as further explained below, the FAC remains focused on the same Assistant that the Ninth Circuit already considered. And although the Ninth Circuit gave the customary proviso that its decision was based "on the record before [it]," the court was equally aware that its ruling on pure legal issues, such as interpretation of the CFAA and CDAFA, ***does*** apply to fact patterns other than the one here. *Amazon.com Servs.*, 184 F.4th at 1092 (discussing implications for criminal prosecutions of individuals). Thus, as Perplexity explains in detail in its MTD, which it incorporates herein by reference, the FAC fails to state a claim. It therefore makes the most sense to allow Judge Chesney to decide Perplexity's MTD, or at least the accompanying motion to stay, before any further discovery occurs.

The Court should therefore deny Amazon's motion outright, or at minimum, defer ruling on it until after Judge Chesney decides the motion to stay and/or the MTD—as the latter will likely end the case entirely, or at least provide guidance on the proper scope of discovery should the case proceed at all.

***The Court Should Deny Amazon's Motion To Compel Or Defer Ruling On It.*** This case is about Amazon customers using Perplexity's AI Assistant to access their own password-protected accounts on Amazon.com. *See Amazon.com Servs.*, 184 F.4th at 1091. In reversing the district court's preliminary injunction, the Ninth Circuit concluded that Amazon is unlikely to succeed on its claims because "[i]t is the user," not Perplexity, "who 'accesses' Amazon's computers" under the CFAA and CDAFA—Perplexity's Assistant is nothing more than a "tool" used to effectuate that access. *Amazon.com Servs.*, 184 F.4th at 1091. For the reasons Perplexity shows in its MTD, nothing in the FAC alters the fundamental reasons why the Ninth Circuit rejected Amazon's claims. Nor can Amazon's new tortious interference claim, which is wholly dependent on its CFAA and CDAFA claims, save its case. MTD at 21–22.

Contrary to Amazon's statement above, Perplexity did not previously move to stay discovery, but rather to stay all district court proceedings pending resolution of its appeal of the injunction to the Ninth Circuit. Judge Chesney ***granted*** that motion in part, staying Perplexity's deadline to respond to the complaint until after the Ninth Circuit's decision (Dkt. 106), and emphasizing that discovery should not get "out of hand" before such response. And indeed, Perplexity did participate in discovery following that ruling, including by responding to interrogatories and RFAs. *See, e.g.*, FAC ¶ 35 (quoting interrogatory responses).

Now that the Ninth Circuit has ruled—a purely legal decision foreclosing the theory underlying the FAC—Perplexity has moved to dismiss and to stay discovery pending resolution of its MTD. The pending MTD is entirely case-dispositive and no discovery is required to resolve it. *See Ledwidge v. FDIC*, 2025 WL 885845, at *2 (N.D. Cal. Mar. 21, 2025) ("discovery should be stayed pending resolution of a dispositive motion" if motion is "potentially dispositive of the entire case" and "can be decided absent additional discovery" (citation modified)). Amazon does not contend otherwise. Indeed, Amazon seemed to recognize that the Ninth Circuit's ruling rendered further discovery unnecessary—as it took no action on discovery for almost two months after that ruling. MTD at 6–7. Nothing has changed that would suddenly make it any more appropriate, or necessary, for Amazon to resume discovery now, particularly with the hearing on Perplexity's MTD and motion to stay just weeks away. Given its own delay in seeking discovery, Amazon

HUESTON HENNIGAN LLP

will suffer no prejudice if Your Honor at least defers further action on the motion to compel until after the November 20 hearing.

***Amazon's Discovery Requests Seek Irrelevant Information.*** If the Court considers Amazon's discovery requests now, it should conclude that none warrants a response because, in light of the Ninth Circuit's ruling, none is "relevant . . . and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

RFP 1 and ROG 1. RFP 1 seeks documents sufficient to show "how the [Assistant] accesses [Amazon.com]." But as a matter of law, "the Assistant itself cannot 'access' Amazon's servers" because "it is a tool, not a person for statutory purposes." *Amazon.com Servs.*, 184 F.4th at 1091. As stated above, Amazon's flawed tortious interference claim provides no additional support for its discovery requests. *See also* MTD at 21–22. And even if Judge Chesney permits that claim to go forward, she may not exercise jurisdiction over it. *Id.* at 23–24.

Similarly, ROG 1 asks about "three scenarios," each involving "user prompt[s]" to the Assistant. As the Ninth Circuit held, any "'access' [to] Amazon's computers" resulting from such prompts cannot be attributed to Perplexity. *Amazon.com Servs.*, 184 F.4th at 1091. Thus, neither RFP 1 nor ROG 1 is "relevant to any [Amazon] claim . . . and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

RFPs 18 and 35. Amazon says above that, through these RFPs, it seeks to prove that "the Assistant enter[s] password-protected pages without the user navigating there," that "the Assistant's actions on Amazon are planned or directed by Perplexity's servers," and that "Perplexity's servers choose the pages the Assistant visits and the elements it clicks." Amazon already put evidence of these facts before the Ninth Circuit. MTD at 10–11 (cataloguing Amazon's contentions to the Ninth Circuit). And the Ninth Circuit ruled that on those facts, Perplexity cannot be liable under the CFAA or CDAFA. *Amazon.com Servs.*, 184 F.4th at 1087, 1091–93 (no liability even if Perplexity "communicate[s] instructions to the Assistant").

Concerning Comet for iOS, Amazon says above that RFP 18 seeks to prove that certain "requests to Amazon c[o]me from Perplexity's servers." The FAC alleges that on Comet for iOS, Perplexity "cloud servers . . . request pages directly from Amazon's servers." FAC ¶ 66. But, as Perplexity explains in the MTD and Amazon itself argued on appeal, this is legally irrelevant. MTD at 12–13 & n.9. The FAC acknowledges that in all events, the Assistant (whether on Comet for iOS or its desktop counterpart) does not do anything unless a user "activates" the Assistant and prompts it to "act[] for" him or her to accomplish his or her "request." FAC ¶ 66. The Ninth Circuit's rule thus applies equally to Comet for iOS, and renders these RFPs irrelevant and disproportionate. *Amazon.com Servs.*, 184 F.4th at 1091 (regardless of fact that Perplexity "does not communicate with Amazon's servers," court "must nevertheless determine whether Perplexity accesses Amazon.com through the Assistant").

ROG 11 and RFAs 22–27. Amazon says these requests also "concern Comet for iOS," seek to prove that certain interactions "run[] on Perplexity's servers rather than the user's device," and involve "credentials [that] Amazon issued to customers, not Perplexity." Again, the Ninth Circuit already considered the relevant facts. *E.g.*, MTD at 11:8–10 (Amazon argued on appeal that Assistant uses the user's Amazon credentials). Thus, for the reasons above, these requests do not satisfy Rule 26(b)(1) either.

***Conclusion.*** The Court should deny Amazon's motion to compel, or at minimum wait to take further action until after the November 20 hearing before Judge Chesney. Perplexity's final proposed compromise is that, subject to certain noncontroversial conditions, *see* Ex. 7 at 3–4 (Oct. 5 email), it will provide supplemental responses to Amazon's Interrogatory Nos. 1, 3, 4, and 9; and to RFA Nos. 34 and 35.

HUESTON HENNIGAN LLP

HUESTON HENNIGAN LLP

/s/ Moez M. Kaba
Moez M. Kaba (SBN 257456)
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 866-4825
mkaba@hueston.com
Attorneys for Plaintiff Amazon.com Services LLC

QUINN EMANUEL URQUHART & SULLIVAN, LLP

/s/ Daniel C. Posner
Daniel C. Posner (SBN 232009)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
danposner@quinnemanuel.com
Attorneys for Defendant Perplexity AI, Inc.